Jesse B. TUCKER

v.

Jim MORROW, Warden.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Assigned on Briefs Sept. 22, 2009.

Dec. 1, 2009.

Jesse B. Tucker, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

The petitioner, Jesse B. Tucker, appeals from the dismissal of his petition for habeas corpus relief. On appeal, he asserts entitlement to habeas corpus relief via claims of sentence expiration and sentence illegality. Because the habeas corpus court erroneously concluded that the petitioner could not petition for habeas corpus relief and because the petitioner exhibited sufficient documentation to his petition for writ of habeas corpus to establish his claim of sentence illegality, we reverse the judgment of the habeas corpus court. We remand the case to the habeas corpus court for the entry of an order directing the trial court to amend the judgment form for the petitioner's conviction of aggravated burglary in count two of case number 73953A to reflect the grant of pretrial jail credits equal to those granted

on the petitioner's conviction of robbery in count one of case number 73953A.

On February 6, 2009, the petitioner, Jesse B. Tucker, filed a petition for writ of habeas corpus in the Bledsoe County Circuit Court challenging his Knox County Criminal Court convictions of robbery and aggravated burglary in case number 73953A. The judgments attached to the petition reflect concurrent sentences of three years for both convictions. The petitioner claimed habeas corpus relief on the basis that his three-year sentence for aggravated burglary had expired and that his sentence for aggravated burglary is illegal because the trial court failed to apply mandatory pretrial jail credits to the sentence. In support of his petition, the petitioner attached the judgment forms for both convictions in case number 73953A, Tennessee Offender Management Information System ("TOMIS") reports for both convictions, and a copy of this court's opinion in *Mark Grimes v. Tony Parker, Warden*, No. W2007–00169–CCA–R3–HC, 2008 WL 141129 (Tenn.Crim.App., Jackson, Jan. 14, 2008). On March 18, 2009, the habeas corpus court summarily dismissed the petition, ruling that because "the [p]etitioner is not being imprisoned or restrained by the challenged judgment, habeas corpus relief is not appropriate." The court specifically found that the petitioner had not yet begun serving his effective three-year sentence in case number 73953A. The court concluded that the petitioner "is currently serving a one-year sentence in the Department of Correction on a conviction from the same court for a drug offense, case number 70879" and that the effective three-year sentence under attack "runs consecutively to case number 70879 and an eight-year sentence, case number 70880."

In this appeal, the defendant contends that the trial court erred by summarily dismissing his petition. Citing *Mark Grimes*, he argues that the effective three-year sentence imposed in case number 73953A is illegal because the trial court failed to grant pretrial jail credit for both convictions. In addition, citing the TOMIS reports exhibited to his petition, the petitioner asserts that his three-year sentence for aggravated burglary in case number 73953A expired on November 17, 2007. The State argues that the trial court appropriately dismissed the petition because the petitioner is not currently serving the sentence he wishes to attack. In addition, the State contends that dismissal was proper because the petitioner failed to state a cognizable claim for habeas corpus relief and because those items exhibited to the petition for writ of habeas corpus fail to establish either of the petitioner's claims.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn.2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn.2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn.2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (1968). Tennessee Code Annotated section 29–21–101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29–21–102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29–21–101 (2006). Despite the broad wording of the statute, a writ of habeas

corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery,* 432 S.W.2d at 658; *State v. Galloway,* 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993); *see State ex rel. Anglin v. Mitchell,* 575 S.W.2d 284, 287 (Tenn.1979); *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn.Crim.App.1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus,* the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin,* 575 S.W.2d at 287 (" 'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer,* 851 S.W.2d at 164; *Passarella,* 891 S.W.2d at 627.

■ In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29–21–105 to –112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State,* 212 S.W.3d 251, 261 (Tenn.2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

## I. Imprisoned or Restrained of Liberty

■■ We first consider the State's assertion and the habeas corpus court's holding that the petitioner may not petition for habeas corpus relief in case number 73953A because he is not yet serving the three-year effective sentence in that case. The requirement that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions is essentially a requirement of standing to bring an action in habeas corpus and apparently operates independently of the merits of the substantive claim of voidness. *See Benson v. State,* 153 S.W.3d 27, 31 (Tenn.2004) ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."). It is well-settled that habeas corpus relief will not lie where the sentence for the challenged conviction has been served and has expired. *See id.* The same is not true of the question whether a petitioner may challenge a conviction when the sentence for that conviction has yet to be served.

■ In *Summers,* Summers served 13 years of a 40–year effective sentence that included a two-year sentence for escape before petitioning for habeas corpus relief on grounds that his sentence was illegal because the trial court erroneously ordered him to serve his sentence for the escape conviction concurrently to his other sentences when the Code required consecutive service. *Summers,* 212 S.W.3d at 255. The State claimed that because Summers had already served more than 13

years of his 40–year effective sentence, the sentence for escape had necessarily expired and that Summers was no longer restrained of his liberty as a result of the escape conviction. The supreme court disagreed, noting that "[t]he Department of Correction could attempt to require Summers to serve his sentence for escape at the expiration of his other sentences," and it concluded that because "Summers' effective forty-year sentence has not been served and has not expired," Summers had satisfied the statutory requirement that he be restrained of his liberty as a result of the challenged convictions. *Id.* at 258. In addition, the *Summers* court observed that "[a] trial court may correct an illegal or void sentence at any time" and that "[a] habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence." *Id.* at 256 (citing *Moody v. State,* 160 S.W.3d 512, 516 (Tenn.2005)). Later, in *May v. Carlton,* 245 S.W.3d 340 (Tenn.2008), our supreme court, discussing the "in custody" requirement of the federal writ of habeas corpus, cited with approval a United States Supreme Court case that interpreted the "in custody" requirement "to include consecutive sentences 'in the aggregate, not as discrete segments.' " *May,* 245 S.W.3d at 343 (quoting *Garlotte v. Fordice,* 515 U.S. 39, 47, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (1995)). In *May,* our supreme court ruled that because May remained subject to an erroneous declaration of infamy, he had satisfied the restraint of liberty requirement of our state's habeas corpus statute. *Id.* at 348. From these observations, we glean that so long as the sentence for the challenged conviction has not yet expired, the petitioner remains subject to the judgment and may, therefore, pursue relief from an illegal sentence via a petition for writ of habeas corpus.

At the time he filed his petition, the petitioner remained subject to incarceration on the judgments in case number 73953A. In consequence, the habeas corpus court erred by concluding that the petitioner was barred from seeking habeas corpus relief from his convictions in case number 73953A on the basis that he had not yet begun to serve his sentences.

## II. Expiration of Aggravated Burglary Sentence

The petitioner, citing a TOMIS report attached to his petition for writ of habeas corpus, first claims that the three-year sentence imposed for his conviction of aggravated burglary in case number 73953A expired on November 17, 2007. Implicit in this assertion is a claim that the three-year sentence imposed for robbery in case number 73953A should also have expired because the trial court ordered the sentences to be served concurrently. The judgments attached to the petition, however, belie the petitioner's assertion. Although the judgments indicate that the three-year sentences for aggravated burglary and robbery are to be served concurrently with each other, the judgment for robbery provides that the three-year sentence is to be served consecutively to the sentences imposed in case numbers 70879 and 70880. The petitioner did not attach the judgments from either case number 70879 or case number 70880; however, the habeas corpus court found that a one-year sentence was imposed in case number 70879 and an eight-year sentence was imposed in case number 70880. Because the effective three-year sentence must be served consecutively to the sentences in case numbers 70879 and 70880, neither of the three-year sentences imposed in case number 73953A has expired.

## III. Pretrial Jail Credits

■ Citing *Mark Grimes v. Tony Parker, Warden,* No. W2007–00169–CCA–R3–

HC, 2008 WL 141129 (Tenn.Crim.App., Jackson, Jan. 14, 2008), the petitioner also contends that the three-year effective sentence imposed in case number 73953A is illegal because the trial court failed to grant him pretrial jail credit on both convictions, thus depriving him, at least partially, of the benefit of the concurrent alignment of his sentences. The State contends that the award of pretrial jail credits is not a cognizable claim for habeas corpus relief. We disagree.

▆▆▆ Although claims "relative to the calculation of sentencing credits and parole dates" must be reviewed pursuant to the Uniform Administrative Procedures Act rather than via a petition for writ of habeas corpus, this general rule does not apply to the award of pretrial jail credits. The award of sentence reduction credits is governed by Code section 41–21–236, which provides that "[n]o inmate shall have the right to any such time credits," T.C.A. § 41–21–236(a)(2)(C) (2006), and that "[s]entence credits shall not be earned or credited automatically, but rather shall be awarded on a monthly basis to an inmate at the discretion of the responsible warden in accordance with the criteria established by the department." *Id.* § 41–21–236(a)(3). Because there is no statutory right to sentence reduction credits and because the grant or denial of such credits lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated, claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition, which is available only to contest a void judgment.

▆▆▆ The award of pretrial jail credits, on the other hand, lies strictly within the purview of the trial court rather than the Department of Correction. *Id.* § 40–23–101(c); *see also Mark Grimes*, slip op. at 3. Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and postjudgment jail credits, which can be awarded only by the trial court. As a result, some of the opinions of this court erroneously hold that a petitioner may only challenge the trial court's failure to award pretrial jail credits via the Uniform Administrative Procedures Act.[1] *See, e.g., Steven Lamont Anderson v. State*, No. W2006–00866–CCA–R3–HC, 2009 WL 536993 (Tenn.Crim.App., Jackson, Mar. 2, 2009). As noted by Judge Tipton in his concurring opinion in *State v. Greg Smith*, No. E2003–01092–CCA–R3–CD, 2004 WL 305805 (Tenn.Crim.App., Knoxville, Feb. 18, 2004), however, "the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award." *Greg Smith* (Tipton, J., concurring). In consequence, any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile.

▆▆▆ Tennessee Code Annotated section 40–23–101 provides, in pertinent part, as follows:

1. Interestingly, the case cited most often for this proposition, *Luttrell v. State*, 644 S.W.2d 408 (Tenn.Crim.App.1982), involves no challenge to the trial court's failure to award pretrial jail credits. Instead, Luttrell complained "that his constitutional rights at his trial were denied him by ineffectiveness of his counsel, by pretrial publicity, by failure to consider his mental competency, and by failure to furnish him an impartial jury." *Luttrell*, 644 S.W.2d at 408. Moreover, finding that Luttrell had failed to file his petition in the county nearest his place of incarceration, this court affirmed the summary dismissal of Luttrell's petition for writ of habeas corpus without reaching the merits of his claims. *Id.*

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40–23–101(c). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim.App.1983). "The language [of Code section 40–23–101(c) ] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary." *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150, 154 (1965). The statute provides that a detainee has "*an absolute right* to credit for time in jail in 'which he was committed pending his arraignment and trial' and 'for the time he served in the jail, workhouse or penitentiary subsequent to any conviction *arising out* of the original offense for which he was tried.' " *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn.Crim.App.1975) (quoting T.C.A. § 40–23–101(c)) (first emphasis added). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out' of the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg*, 523 S.W.2d at 376. Thus, the trial court is statutorily

required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions.

■ The failure of the trial court to credit the petitioner with the credits mandated under Code section 40–23–101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief. *See generally May*, 245 S.W.3d at 344 ("An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time."). Accordingly, to mount a sustainable habeas corpus challenge regarding the award of pretrial jail credits a petitioner must establish that the trial court failed to award him the pretrial jail credits he earned under Code section 40–23–101(c). To establish the substance of his claim and bring the claim within the ambit of habeas corpus review, the petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. Any other claim of error in the award of pretrial jail credits would render the judgment voidable rather than void and would not be a cognizable claim for habeas corpus relief. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008) (observing that "habeas corpus relief is not available to remedy non-jurisdictional errors, i.e., factual or legal errors a court makes in the exercise of its jurisdiction").

■ To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must

make the enumerated showings "with pertinent documents from the record of the underlying proceedings." *Summers*, 212 S.W.3d at 262. Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40–23–101 as indicated above and that the trial court erroneously failed to award it. *Summers* clearly requires that documents supporting a claim for habeas corpus relief must come from the record of the underlying proceedings. *Summers*, 212 S.W.3d at 262. Because TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, they would not be considered a part of the record of the underlying proceedings. In consequence, a TOMIS report cannot be used to establish a claim for habeas corpus relief. Any disagreement regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act.

 To be sure, when the trial court intends to effectuate the mathematical benefit of pretrial jail credit against the aggregate of concurrently aligned sentences, the court must include the award of credit on both or each of the judgments to accomplish that result. In this case, however, to the extent the petitioner claims that the trial court should have granted him pretrial jail credits on both judgments in case number 73953A *solely* to implement the concurrent sentence alignment, his claim for habeas corpus, relief must fail. No statute or other rule of law, however, requires the trial court to grant pretrial jail credits solely to carry out a concurrent sentencing order when the petitioner was not incarcerated pending arraignment and

trial for the offense or offenses that led to the challenged conviction. *See State v. Henry*, 946 S.W.2d 833, 835 (Tenn.Crim. App.1997) (holding that "if [Henry] was incarcerated at the same time on both cases," allowing "pretrial jail credit in only one case would contravene the concurrent sentences and effectively require Henry to serve a longer sentence on the second charge").

The petitioner's claim that the trial court failed to award pretrial jail credit that he had earned pursuant to Code section 40–23–101(c) is cognizable in a habeas corpus petition. We must next ascertain whether the petitioner has satisfied *Summers'* requirement that he support his claim with sufficient documentation from the record of the underlying proceedings. The petitioner cites *Mark Grimes* as authority for this court to remand the case to the habeas corpus court for the appointment of counsel and an evidentiary hearing. In *Mark Grimes*, Grimes, charged as a multiple rapist with three counts of rape, entered into a plea agreement providing concurrent sentences of 20 years on each count, for a total effective sentence of 20 years. *Mark Grimes*, slip op. at 1–2. In his fourth petition for writ of habeas corpus, Grimes claimed that the trial court failed to grant pretrial jail credits on one of the three concurrent rape sentences. The habeas corpus court denied relief, but this court reversed concluding that if Grimes was held in pretrial custody on all three rape charges, the trial court was required to grant him pretrial jail credit on each concurrent sentence. *Id.*, slip op. at 4–5. We remanded the case to the habeas corpus court "for a determination of the petitioner's entitlement to pretrial jail credits for his concurrent sentences."

Upon reflection, however, it is our view that *Summers* precludes a remand for findings of fact in this case. *Summers*

makes it clear that to sustain a successful habeas corpus challenge via an illegal sentence claim, the petitioner must attach sufficient documentation establishing the illegality to his petition for writ of habeas corpus. *Summers*, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions.").

Here, the petitioner attached to his petition the judgment forms from case number 73953A. The judgments reflect that the petitioner was awarded jail credit on only one of the concurrent sentences imposed as a result of the petitioner's guilty plea in that case. The judgment forms also establish that the convictions of robbery and aggravated burglary in case number 73953A bear the same offense date and that the charges comprised two counts of the same indictment. In this instance, the judgment forms support the petitioner's claim that he was erroneously deprived of pretrial jail credits in contravention of Code section 40–23–101(c). The offenses in both judgments were committed on the same day, and the petitioner was charged with both offenses in a single indictment. From this we surmise that the petitioner was incarcerated at the same time on the offenses that led to the convictions of aggravated burglary and robbery in case number 73953A. In consequence, he is entitled to full pretrial jail credit on both

judgment forms. *See Henry*, 946 S.W.2d at 835.

Having concluded that the petitioner is entitled to habeas corpus relief in the form of an award of pretrial jail credits for his conviction of aggravated burglary, we reverse the judgment of the habeas corpus court summarily dismissing the petition. Because our supreme court has ruled that a petition for writ of habeas corpus is the appropriate route to challenge an illegal sentence, *Summers*, 212 S.W.3d at 256 (citing *Moody*, 160 S.W.3d at 516), that court has necessarily concluded that the habeas corpus court has the power to correct any sentence illegality appearing on the face of the judgment. Thus, although Code section 40–23–101(c) empowers the trial court to award pretrial jail credits, the habeas corpus court, by virtue of its power to correct sentencing illegality, has the power to order the award of pretrial jail credits under the circumstances presented here. Accordingly, we remand the case to the habeas corpus court for the entry of an order directing the trial court to amend the judgment form for the petitioner's conviction of aggravated burglary to reflect the same amount of jail credit awarded for the petitioner's conviction of robbery.