IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2013

## ASHAD RA MUHAMMAD ALI v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
No. 12-CR-9761      R. Lee Moore, Jr., Judge

No. W2012-02194-CCA-R3-HC  -  Filed July 16, 2013

The Petitioner, Ashad RA Muhammad Ali, appeals the habeas corpus court's summary dismissal of his petition for relief.  He contends that the habeas corpus court erroneously concluded that his petition failed to state a cognizable claim for relief, noting (1) that this court has held that the trial court's failure to include pre-trial jail credits on the judgment of conviction is a proper basis for habeas corpus relief and (2) that his judgment of conviction on "count three contains a facial error [because] count three cannot be ordered to run both consecutively and concurrently to the same sentence."  Following our review of the record and the applicable authorities, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Ashad RA Muhammad Ali, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Meredith Devault, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

The record reflects that on June 21, 1985, the Petitioner pled guilty to first degree burglary, armed robbery, and aggravated rape. The trial court sentenced the Petitioner to serve ten years for the burglary conviction, Count 1, twenty years for the armed robbery conviction, Count 2, and thirty years for the aggravated rape conviction, Count 3. The thirty-year and ten-year sentences were ordered to be served  consecutively to each other, but

concurrently to the twenty-year sentence, for a total effective sentence of forty years.

The Petitioner filed a myriad of appeals after his initial conviction. See Ashad R.A. Muhammad Ali v. State, No. M2010-01832-CCA-R3-HC, 2011 WL 1876891 (Tenn. Crim. App. May 11, 2011), perm. app. denied, (Tenn. Aug. 24, 2011); Ashad R.A. Muhammad Ali v. State, No. M2005-01137-CCA-R3-PC, 2006 WL 1626652 (Tenn. Crim. App. June 2, 2006); Ashad R.A. Muhammad Ali v. State, No. M2002-02986-CCA-R3-PC, 2004 WL 193057 (Tenn. Crim. App. Jan. 28, 2004); Ashad R.A. Muhammad Ali v. Tennessee Board of Probation and Parole, et al., No. M2001-01194-COA-R3-CV, 2002 WL 83608 (Tenn. Ct. App. Jan. 22, 2002), perm. app. denied, (Tenn. July 8, 2002); Ashad Rashad Abdullah Ali Muhammad v. State, No. 01C01-9707-CC-00300, 1997 WL 779095 (Tenn. Crim. App. Dec. 18, 1997).

In 1997, the Petitioner filed his first petition for writ of habeas corpus. The habeas corpus court dismissed the petition because the Petitioner filed it in Lincoln County as opposed to Davidson County, where he was incarcerated. Ashad Rashad Abdullah Ali Muhammad, 1997 WL 779095 at *1.

The Petitioner filed his second petition for writ of habeas corpus in Lincoln County on February 22, 2010. On August 13, 2010, the habeas corpus court dismissed the petition for filing the petition in the wrong county, again, without providing a sufficient reason for doing such.

The instant appeal is his third petition for habeas corpus relief. The petition, filed in Lake County on August 23, 2012, avers (1) that the trial court failed to award pretrial jail credit to all concurrently run sentences and (2) that his sentences and judgments contain a fatal error, alleging that said error was created "when the trial court ordered Count [2] to be run concurrently with Count [1], and concurrent with Count [3], then ordering Count [3] consecutively to Count [1], and Concurrent with Count [2]." On September 26, 2012, the habeas corpus court dismissed the petition without a hearing, finding that

> The sentences on the three counts involved are not on their face void nor have the sentences expired. The issue of appropriate pre-trial jail credit is one to be pursued through administrative channels or through the Chancery Court of Davidson County. There is no allegation which would indicate that the judgment is void. At best, it would merely be voidable. The petitioner fails to state a cognizable claim for habeas corpus relief. The petition is, therefore, denied.

The Petitioner appeals the summary dismissal of his petition.

ANALYSIS

In this appeal, the crux of the Petitioner's argument is two-fold: (1) that the trial court failed to award pretrial jail credit to all of his concurrently run sentences, and this failure to award pretrial jail credit is a cognizable basis for habeas corpus relief; and (2) that the consecutive nature of his sentences contravenes the sentencing statute and is, therefore, illegal. The State responds that the Petitioner failed to attach sufficient documentation to his petition to establish the illegality of his sentence and that the trial court correctly found that the sentences on the three offenses involved were not void on their face nor have the sentences expired, and the Petitioner's sentences are, at best, voidable.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

*A. Pretrial Jail Credits*

The Petitioner contends that his sentence is illegal because the trial court failed to grant him pretrial jail credits to his concurrently run sentences and that the habeas corpus court erred in finding that this issue was not a cognizable basis for habeas corpus relief, concluding that such a claim should be pursued through administrative channels or the Chancery Court of Davidson County.

An illegal sentence may be grounds for habeas corpus relief. See Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011) (citing Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005)). "An illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." Id. at 452 (citations omitted).

Contrary to the ruling of the habeas corpus court, this court has determined that the failure to award pretrial jail credit is a cognizable claim in a habeas corpus proceeding. See Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-23-101 provides, in pertinent part, as follows:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.

Id. The award of pretrial jail credit lies strictly within the purview of the trial court rather than the Department of Correction. Tucker, 335 S.W.3d at 122. The trial court is statutorily required to credit a petitioner with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged conviction. Id. at 123. The failure of the trial court to credit a petitioner with the credits mandated under Tennessee Code Annotated section 40-23-101(c) contravenes the requirements of that statute and, therefore, results in an illegal sentence, a historically cognizable basis for habeas corpus relief. Id.

To establish the substance of this type of a claim and bring the claim within the ambit of habeas corpus review, a petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. Tucker, 335 S.W.3d at 123. Additionally, to satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must attach to his petition sufficient documentation from the record to establish that he is, in fact, entitled to pretrial jail credit under Tennessee Code Annotated section 40-23-101, as indicated above, and that the trial court erroneously failed to award it. See Summers, 212 S.W.3d at 262; Tucker, 335 S.W.3d at 123-24.

In the instant case, the habeas corpus court summarily dismissed the petition, via order, concluding that the Petitioner "failed to state a cognizable claim for habeas corpus relief" and that the issue should be addressed through administrative channels or the chancery court. As to the particular issue of pretrial jail credit, for reasons discussed above, we disagree. Because it is well-settled that a trial court's failure to award pretrial jail credits is a cognizable basis for habeas corpus relief, it was error for the habeas corpus court to conclude otherwise.

The record on appeal reflects that the Petitioner attached to his petition the judgment forms from all three counts for which he was convicted.[1] The judgments reflect that the Petitioner was awarded jail credit on only one of the concurrent sentences imposed as a result of the Petitioner's guilty plea in that case. Specifically, that judgment form, Count 1, states, "The defendant is allowed jail credit of 130 days as of June 21, and from June 21, 1985, until received at the Dept. of Corrections." This court in Tucker explained, "when the trial court intends to effectuate the mathematical benefit of pretrial jail credit against the aggregate of concurrently aligned sentences, the court must include the award of credit on both or each of the judgments to accomplish that result." Tucker, 335 S.W.3d at 124. So, the trial court's failure to note the pretrial jail credits to which the Petitioner was entitled in Count 2 was error. Nevertheless, our supreme court has made it clear that to sustain a successful habeas corpus challenge based on an illegal sentence claim, a petitioner must attach sufficient documentation to his petition for writ of habeas corpus establishing the illegality. See Summers, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions."). Therefore, pursuant to Summers, we must now determine whether the Petitioner attached sufficient documentation to his petition to support his allegation that he is entitled to pretrial jail credits.

Although the judgment forms establish that all three counts arose out of the same indictment, it is unclear whether Counts 1 and 2 were committed on the same date, thus, entitled to the same pretrial jail credits. While the judgment forms tend to support the Petitioner's claim that he was erroneously deprived of pretrial jail credits in contravention of Tennessee Code Annotated section 40-23-101(c), we cannot determine from the record before us whether the Petitioner was incarcerated at the same time on the offenses that led to the convictions at issue. As such, we have no way of ascertaining the amount of pretrial

---

[1] Because Counts 1 and 3 were ordered to be served consecutively, the Petitioner is not entitled to jail credits in the latter count. See generally State v. Henry, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) (holding that "if [Henry] was incarcerated at the same time on both cases," allowing "pretrial jail credit in only one case would contravene the concurrent sentences and effectively require Henry to serve a longer sentence on the second charge").

jail credits to which the Petitioner is entitled. The Petitioner alleged in his petition that the indictment proves that the charges arose from one incident, involving one victim, thereby establishing that he was arrested for each charge on the same date. However, neither a copy of the indictment nor a copy of the arrest warrant or capias is attached to the record on appeal; it also does not appear from the record that the indictment was attached to the petition for relief. Given that such documents are necessary to determine this issue and were not provided in the petition for habeas corpus relief nor this court on appeal, we conclude that the Petitioner has failed to attach sufficient documentation to establish that his sentence is illegal, as required under Summers. As such, he is not entitled to habeas corpus relief on this issue.

### B. Consecutive and Concurrent Sentences

The Petitioner contends that his judgment of conviction on "[C]ount [3] contains a facial error [because C]ount [3] cannot be ordered to run both consecutively and concurrently to the same sentence." However, this alleged defect is not apparent from the face of the judgment. The procedural history of the Petitioner's case and the record before us reflect that the Petitioner was sentenced to a total effective sentence of forty years: his thirty-year, Count 3, and ten-year, Count 1, sentences were ordered to be served consecutively to each other but concurrently to the twenty-year sentence, Count 2. The judgments do not provide for concurrent sentencing as to Counts 1 and 3, only consecutive sentencing. The habeas corpus court found that the three counts involved were not on their face void nor had the sentences expired, and we agree. Because the Petitioner did not attach documentation to support an illegal sentence claim, we conclude that the habeas corpus court did not err in summarily dismissing his petition for habeas corpus relief.

### CONCLUSION

Based on our review of the record and the applicable law, we affirm the habeas corpus court's summary dismissal of the Petitioner's habeas corpus petition.

_____
D. KELLY THOMAS, JR., JUDGE