IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2015 Session

## STATE OF TENNESSEE v. TRAVIS HEATH KING

**Appeal from the Circuit Court for Maury County**
**No. 22845     Robert L. Holloway, Jr., Judge**

_____

**No. M2014-01478-CCA-R3-CD – Filed May 22, 2015**

_____

The defendant, Travis Heath King, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Because the defendant stated a colorable claim for relief under the terms of Rule 36.1, the trial court erred by summarily dismissing his motion. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Lee E. Brooks, Spring Hill, Tennessee, for the appellant, Travis Heath King.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 8, 2014, the defendant pleaded guilty in case number 22845 to the possession of marijuana with the intent to resell within a drug free school zone and received a sentence of two years to be served at 100 percent by operation of law. The trial court ordered that the sentence be served consecutively to the "current parole violation sentence" and granted the defendant one day of pretrial jail credit. On May 2, 2014, the defendant filed pro se a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 claiming that the trial court's failure to grant him the appropriate amount of pretrial jail credits rendered his sentence illegal. He claimed that his parole in case number 19290 was revoked on October 12, 2012, and that he was ordered to serve a one-

year sentence for the parole violation. According to the motion, his parole was reinstated on October 16, 2013, but he was then taken to the Maury County Criminal Court to answer for the drug possession offense in case number 22845 on December 2, 2013. That conviction has an offense date of October 12, 2012. The defendant asserted in his motion that "to date . . . parole has not been revoked or re[scin]ded" in the prior case. The defendant claimed that he was entitled to pretrial jail credits in case number 22845 for the period from October 16, 2013 to April 8, 2014, because his parole in case number 19290 was not revoked before the imposition of the judgment.

On June 23, 2014, the State moved for summary dismissal of the defendant's motion, arguing that because the defendant violated his parole in case number 19290 by being indicted in case number 22845 in September 2013, he is not entitled "to any such credit" for the time he spent in jail from October 16, 2013. On June 27, 2014, the trial court summarily dismissed the motion, finding that the motion "fails to state a colorable claim that any applicable statutes have been violated."

In this timely appeal, the defendant reiterates his claim that the trial court's failure to award pretrial jail credits to which he was entitled rendered his sentence illegal.

Prior to July 1, 2013, a properly filed petition for writ of habeas corpus was the sole mechanism for pursuing an illegal sentence claim. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."). Our supreme court then created new Rule 36.1, which became effective on July 1, 2013, and which provides:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within

-2-

which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1.

To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "Because Rule 36.1 does not define 'colorable claim,'" this court has "adopted the definition of a colorable claim used in the context of post-conviction proceedings." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014) (citing *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, July 16, 2014). Supreme Court Rule 28 provides that "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [defendant], would entitle [the defendant] to relief." Tenn. Sup. Ct. R. 28 § 2(H). Moreover, in contrast to the requirements for avoiding summary dismissal of a petition for writ of habeas corpus or a petition for post-conviction relief, the defendant was not required to support his claim by providing any documentation from the record. *See, e.g.*, *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, slip op. at 8 (Tenn. Crim. App., Knoxville, Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the [defendant's] raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 13 (Tenn. Crim. App., Nashville, Sept. 11, 2013).

The defendant claims that his parole in case number 19290 was reinstated on October 16, 2013, and that he was held pending resolution of case number 22845 until the judgment was imposed on April 8, 2014. He states in his brief that his parole in case number 19290 was not actually revoked until July 25, 2014. Thus, he contends that he is entitled to pretrial jail credits for that period of incarceration and that the trial court's failure to award those credits resulted in an illegal sentence. The defendant is correct that the trial court's failure to award pretrial jail "credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence." *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). The State, seizing on the defendant's statement that he had been held since October 16, 2013, "waiting on a rescission hearing," argues that "it is clear from the facts asserted by the defendant that he was never released from custody on the 'original' charges" and that "[u]ndoubtedly he was not released because of his indictment for a new offense." The State also asserts that granting the defendant pretrial jail credits for the challenged period would result in an impermissible "double dip" of credits.

If the defendant is correct, and he was incarcerated from October 16, 2013, solely on the marijuana possession charge in case number 22845, then the trial court's failure to award pretrial jail credits for that period would result in an illegal sentence. Examining the defendant's claim, as we must, *in the light most favorable to the*

*defendant*, we conclude that the defendant has stated a colorable claim for relief under the terms of Rule 36.1. We cannot agree with the State that the record clearly establishes that the defendant was held pending a "rescission" hearing in case number 19290. We also note that so long as the defendant is not also granted credit in case number 19290 for the period from October 16, 2013, to April 8, 2014, no double dipping will occur.

Because we have concluded that the defendant stated a colorable claim for relief, we must remand the case to the trial court for the appointment of counsel and a hearing on the defendant's motion. *See* Tenn. R. Crim. P. 36.1(b) ("If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court *shall* appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court *shall* hold a hearing on the motion, unless all parties waive the hearing.") (emphasis added). Of course, ultimately, the merit of the defendant's claim will be decided by the trial court following a hearing. Accordingly, the judgment of the trial court summarily dismissing the defendant's motion is reversed, and the case is remanded for further proceedings pursuant to Rule 36.1.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-