IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016


**STATE OF TENNESSEE v. JOHN W. SMITH**

**Appeal from the Criminal Court for Davidson County**
**No. 99-C-2088      Cheryl A. Blackburn, Judge**

_____

**No. M2015-01616-CCA-R3-CD – Filed February 24, 2016**

_____

Defendant, John W. Smith, appeals the trial court's denial of his motion for correction of an illegal sentence under Tennessee Rule of Criminal Procedure Rule 36.1.  Because Defendant has failed to state a colorable claim for relief, we affirm the dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., joined.  ROGER A. PAGE, SP. J., not participating.

John W. Smith, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

Fifteen years ago, Defendant entered a guilty plea to one count of facilitation of especially aggravated robbery and three counts of aggravated robbery in return for an effective forty-year sentence.  *See John W. Smith v. State*, No. M2003-00729-CCA-R3-PC, 2004 WL 1434479, at *1 (Tenn. Crim. App. June 25, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004).  Defendant sought post-conviction relief on the basis of ineffective assistance of counsel.  He also unsuccessfully challenged the voluntariness of his guilty plea.  *See id.*  Defendant next tried various methods to seek relief from his convictions and sentence, including a motion to reopen his petition for post-conviction relief and two

separate petitions for writ of habeas corpus, none of which were successful. *See John W. Smith v. State*, No. M2013-00228-CCA-R3-HC, 2013 WL 2459883 (Tenn. Crim. App. June 6, 2013), *no perm. app. filed*; *John W. Smith v. State*, No. M2007-00846-CCA-R28-CO (Tenn. Crim. App. June 29, 2007) (order); *John W. Smith v. Wayne Brandon, Warden*, No. M2006-01042-CCA-R3-HC, 2006 WL 3290835 (Tenn. Crim. App. Nov. 3, 2006), *perm. app. denied* (Tenn. Mar. 12, 2007). According to the trial court order denying the relief sought herein, Defendant also filed a motion for pretrial jail credits in June of 2005. Although the motion itself is not in the record, the record contains corrected judgment forms that reflect the addition of pretrial jail credit from "6-10-99 to [May 10, 2001]." The judgment forms were corrected on November 16, 2005.

Defendant is now seeking relief pursuant to Tennessee Rule of Criminal Procedure 36.1 by alleging that he failed to receive pretrial jail credit. The trial court summarily dismissed the motion on July 29, 2015, after determining that Defendant received pretrial jail credit when the trial court filed corrected judgments in 2005. Defendant appeals the dismissal of the motion.

*Analysis*

On appeal, Defendant insists that he stated a colorable claim for relief such that the trial court should have appointed counsel and allowed for an amended petition to be filed. Specifically, Defendant argues that the pretrial jail credits added to the corrected judgments were merely awarded and not applied actively to reduce his release eligibility date. Finally, Defendant insists that his case is "totally different" from *State v. Adrian R. Brown*, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275 (Tenn. Dec. 2, 2015), in which the defendant was seeking to apply jail credits to an expired sentence. The State disagrees.

The case law on Rule 36.1 of the Tennessee Rules of Criminal Procedure is now supremely clear. The rule provides a procedural mechanism for "[e]ither the defendant or the state" to seek correction of an illegal sentence. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

Defendant insists that he is entitled to a hearing because he made a colorable claim of an illegal sentence. While Defendant properly points out that this Court has previously held that the failure to award mandatory pretrial jail credit renders a sentence illegal, *State v. Samuel L. Giddens*, No. M2014-01484-CCA-R3-CD, 2015 WL 3486728, at *2-3 (Tenn. Crim. App. June 3, 2015), *no perm. app. filed*, the supreme court has recently determined that a trial court's failure to award pretrial jails credits does not render a sentence illegal, *Adrian R. Brown*, ___ S.W.3d ___, 2015 WL 7748275, at *9. *See also Tucker v. Morrow*, 335 S.W.3d 116, 124 (Tenn. Crim. App. 2009) (overruled by *Adrian R. Brown*). Moreover, Defendant fails to mention that the trial court corrected the original judgments to include an award of pretrial jail credit until his brief to this Court. Thus, based on the face of the corrected judgments, Defendant has failed to state a colorable claim because he has already received the relief that he currently seeks.

Additionally, Defendant now argues on appeal that the trial court did not apply the pretrial jail credits that were placed on the corrected judgments to each portion of his sentence. In other words, Defendant insists that because he was sentenced to consecutive sentences, he should have received jail credits twice. There is zero authority for such a proposition. *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan 20, 2006) ("An inmate may not 'double-dip' for credits from a period of continuous confinement." (citing *Christopher Johnson v. Tenn. Dept. of Correction*, No. 95-2065-II, 1996 WL 442740 (Tenn. Ct. App. Aug. 7, 1996)), *no perm. app. filed*; *see also Christopher A. Johnson v. State*, No. E2002-01208-CCA-R3-PC, 2003 WL 21145504 (Tenn. Crim. App. May 16, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003). A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence if he was held in lieu of bond on more than one charge at the same time. *See Christopher A. Johnson*, 2003 WL 21145504, at *2. Moreover, Defendant cannot raise an additional ground for relief on appeal or switch theories between the trial court and the appellate court. *See* Tenn. R. App. P. 36(a). The trial court herein previously entered corrected judgments reflecting the award of pretrial jail credits. Defendant has not stated a colorable claim for relief under Rule 36.1. He is not entitled to the relief sought herein.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE