IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2022

## STATE OF TENNESSEE v. AARON DEWAYNE TROUTT

**Appeal from the Circuit Court for Coffee County
Nos. 42684, 42137    Vanessa A. Jackson, Judge**

_____

### No. M2021-01248-CCA-R3-CD

_____

The Defendant, Aaron Dewayne Troutt, appeals as of right from the trial court's dismissal of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error. The Defendant contends that the trial court erred by concluding it was without jurisdiction to modify a final judgment to award behavioral and pretrial jail credit. After review, we affirm the trial court's decision in part, reverse in part, and remand for findings on whether a clerical error exists regarding the Defendant's pretrial jail credit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; Case Remanded**

KYLE A. HIXSON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Aaron Dewayne Troutt, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lindsay H. Sisco, Assistant Attorney General; Craig Northcott, District Attorney General; Jason Ponder, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

This appeal involves the amount of behavioral and pretrial jail credit due the Defendant following his guilty-pleaded convictions related to two sets of separate criminal incidents. In case number 42137 ("the criminal simulation case"), the Defendant was

arrested on June 12, 2015, for criminal simulation.[1] He posted bond and was released on July 14, 2015. Subsequently, the Defendant was placed in custody on this case and was released on October 13, 2015.[2] In case number 42684 ("the evading arrest case"), the Defendant was arrested on January 18, 2016, and charged with multiple drug and driving-related offenses.[3] The record before this court does not indicate that the Defendant posted bond on the evading arrest case, nor does it indicate whether his bond in the criminal simulation case was revoked as a result of his arrest in the evading arrest case. At some point following his January 2016 arrest, the Defendant was sent to the Tennessee Department of Correction ("TDOC") because, on April 18, 2018, the trial court ordered that the Defendant be returned from TDOC custody for a plea hearing on both cases in Coffee County on April 25, 2018. On April 25, 2018, the Defendant pleaded guilty to one count of criminal simulation in case number 42137 and to one count each of felony evading arrest and the lesser-included offense of simple possession of methamphetamine in case number 42684. The judgment in the criminal simulation case awarded the Defendant pretrial jail credit from June 12, 2015, to July 14, 2015, and from October 7, 2015, to October 13, 2015. The judgment further indicated that the sentence ran consecutively to "all sentences previously imposed and [to] Coffee County case [42684.]" The judgments in the evading arrest case contained no pretrial jail credit, nor did the prosecutor announce that the Defendant was entitled to any credit at the guilty plea hearing. The judgment for the felony evading arrest conviction indicated that the sentence ran consecutively to "all sentences previously imposed and Coffee County case [*sic*][.]" There was no discussion at the plea hearing in either case concerning pretrial jail credit for the period from January 18, 2016, to April 25, 2018.

On June 25, 2021, the Defendant filed a pro se motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36. He argued that the trial court failed to award him behavioral credit and pretrial jail credit for the criminal simulation case and the evading arrest case for his time in custody from January 18, 2016, to April 25, 2018. The trial court, citing *Barabbas A. Brown v. State*[4] and the Uniform Administrative Procedures Act ("UAPA"),[5] summarily dismissed the Defendant's motion, stating that it "was without jurisdiction to order a modification of the final judgment for this [TDOC] inmate." This timely appeal followed.

---

[1] A grand jury later indicted the Defendant and charged him with 20 counts of criminal simulation.

[2] The technical record does not indicate when or why the Defendant was placed in custody, only that he was released on October 13, 2015, after posting bond for a "violation of probation." The prosecutor announced at the subsequent plea hearing that the Defendant was entitled to pretrial jail credit from October 7, 2015, to October 13, 2015. These dates are reflected in the judgment form for the criminal simulation case.

[3] A grand jury later indicted the Defendant and charged him with these offenses, as well as the offense of felony evading arrest.

[4] *See Barabbas A. Brown v. State*, No. E2004-01487-CCA-R3-CD, 2005 WL 74095 (Tenn. Crim. App. Jan. 13, 2005).

[5] *See* Tenn. Code Ann. §§ 4-5-101, *et seq*.

## II.    ANALYSIS

The Defendant contends the trial court erred when it summarily dismissed his Rule 36 motion on jurisdictional grounds.  He argues that the trial court had jurisdiction to correct his judgments for both the criminal simulation conviction and the evading arrest conviction to reflect his earned behavioral and pretrial jail credit.  He further argues that the trial court abused its discretion by failing to exercise its jurisdiction to correct his judgments.  The State contends the trial court correctly ruled that it did not have jurisdiction to address the Defendant's behavioral credit.  Further, the State argues that the Defendant has not shown that he is entitled to Rule 36 relief regarding his pretrial jail credit.  We agree with the State regarding the behavioral credit issue but conclude that the trial court erred by determining that it lacked jurisdiction to address the Defendant's pretrial jail credit.

Tennessee Rule of Criminal Procedure 36 provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."  Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document and may be corrected at any time[.]" *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (citation and internal quotations omitted).  Correcting clerical mistakes may include "supply[ing] omitted or overlooked information."  *State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020).

While a trial court's ruling on a Rule 36 motion is generally reviewed on appeal for an abuse of discretion, *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014) (citation omitted), the court in this appeal must determine whether the trial court correctly ruled that it lacked jurisdiction to hear the Defendant's motion.  This court is required to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b).  Because a determination of whether subject matter jurisdiction exists is a question of law, we will review the trial court's ruling on jurisdiction de novo without a presumption of correctness.  *See State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004) (citation omitted).

### A.    Behavioral Credit

TDOC is "responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years."  Tenn. Code Ann. § 40-35-501(r).  This calculation includes credit for an inmate "who exhibits good institutional behavior" while incarcerated.  *See id*. § 41-21-236(a)(2)(A).  Claims involving sentence reduction credit, such as credits earned for good institutional behavior, "must be reviewed pursuant to the [UAPA.]" *See Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d at 212.

Because TDOC is solely responsible for granting sentencing credit based upon the Defendant's good institutional behavior, the trial court correctly ruled that it lacked jurisdiction to correct the Defendant's judgments on this basis.

### B.      Pretrial Jail Credit

While TDOC bears the sole responsibility of granting sentence reduction credit, trial courts have a statutory duty to award pretrial jail credit:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.  The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c).  The judgment form for any criminal conviction shall indicate "[t]he amount, if any, of pretrial jail credit awarded pursuant to § 40-23-101[.]" *Id*. § 40-35-209(e)(1)(P).  The appropriate avenue for relief for a defendant who seeks to challenge the trial court's failure to award pretrial jail credit is to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36.  *Steven Anderson v. Russell Washburn, Warden*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Order) (Tenn. June 27, 2019) (citing *Brown*, 479 S.W.3d at 212-13).

In finding that it lacked jurisdiction to hear the Defendant's Rule 36 claim related to his pretrial jail credit, the trial court relied upon this court's 2005 opinion in *Barabbas A. Brown v. State*, which held that a sentencing court loses jurisdiction to modify pretrial jail credit on a judgment once a defendant is transported to TDOC.  2005 WL 74095, at *2 (citing Tenn. Code Ann. §§ 40-35-212(c), -314(c) (2003)).  The trial court's reliance on *Barabbas A. Brown*, however, does not account for the more recent authority from *Anderson* stating that Rule 36 is the appropriate vehicle for claims of this nature, nor does it account for the language of Rule 36 itself, which states that sentencing courts may correct clerical errors in judgments "at any time[.]"  Multiple panels of this court have cited *Anderson* for the proposition that Rule 36 may be used to challenge a trial court's failure to award pretrial jail credit.  *See, e.g., State v. Quinton Deshawn Mostella*, No. M2020-01474-CCA-R3-CD, 2022 WL 187438, at *2 (Tenn. Crim. App. Jan. 21, 2022), *perm. app. denied* (Tenn. May 18, 2022); *State v. Marvin Magay James Green*, No. E2020-00968-CCA-R3-CD, 2021 WL 5578142, at *2 (Tenn. Crim. App. Nov. 30, 2021); *State v. Jimmy Lee Pearce, Jr.*, No. W2020-00552-CCA-R3-CD, 2021 WL 3136727, at *3 (Tenn. Crim.

App. July 22, 2021); *State v. Titus Avery Brittain*, W2019-01249-CCA-R3-CD, 2020 WL 5587413, at *2 (Tenn. Crim. App. Sept. 17, 2020) (noting that, while a trial court generally lacks jurisdiction to modify a sentence after the judgment is final and the defendant has been transferred to TDOC, a trial court may correct clerical errors related to pretrial credit in a judgment at any time pursuant to Rule 36).

For these reasons, we conclude that the trial court erred by determining that it lacked jurisdiction to hear the Defendant's pretrial jail credit claim under Rule 36. The State argues that we should nevertheless affirm the trial court's dismissal of the motion because "there was no prima facie showing of clerical error" on the record presented. Because the trial court did not reach the merits of the Defendant's pretrial jail credit claim, we decline to address the merits of the claim on appellate review. *See, e.g., State v. Ashley Carver*, No. W2019-01727-CCA-R3-CD, 2020 WL 2499940, at *2 (Tenn. Crim. App. May 14, 2020) (remanding the case for Rule 36 review following an erroneous summary dismissal). In this instance, the trial court is in a much better position to discern whether the judgments in this case correctly included all of the pretrial jail credit to which the Defendant is statutorily entitled or whether the judgments need to be corrected to supply "omitted or overlooked information." *See Allen*, 593 S.W.3d at 154.

## III. CONCLUSION

The trial court correctly ruled that it lacked jurisdiction over the Defendant's behavioral sentencing credit. However, the trial court erred in summarily dismissing the Rule 36 motion as it relates to the Defendant's pretrial jail credit. Accordingly, the order dismissing the Rule 36 motion is affirmed in part and reversed in part. This matter is remanded to the trial court for review in accordance with Rule 36.

---

KYLE A. HIXSON, JUDGE