IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 19, 2015 at Knoxville

## SAMUEL L. GIDDENS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. II-1100-367-B      Timothy L. Easter, Judge**

_____

### No. M2014-01484-CCA-R3-CD – Filed June 3, 2015

_____

The appellant, Samuel L. Giddens, filed in the Williamson County Circuit Court a motion to correct his sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentences were illegal because he had not received mandatory pretrial jail credits. The motion was summarily denied, and the appellant appeals this ruling. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Samuel L. Giddens, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim R. Helper, District Attorney General; and Sean Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 6, 2001, the appellant was convicted in Williamson County in case number II-1100-367-B of facilitation of possession of heroin with the intent to sell or deliver and possession of cocaine with the intent to sell or deliver, Class C felonies. The trial court sentenced the appellant as a Range II, multiple offender to concurrent sentences of nine years and six months for each offense. The judgments of conviction, which were entered on December 17, 2001, reflect that the appellant received nine days and six hours of pretrial jail credit. The same day, the appellant posted an appeal bond. On January 23, 2002, the appellant filed a notice of appeal to this court. This court's opinion was filed on April 4, 2003, and the mandate was issued on June 10, 2003.

On March 12, 2002, while the direct appeal of his Williamson County convictions was pending, the appellant was taken into custody for offenses that were committed in Davidson County.[1] See State v. Samuel L. Giddens, No. M2012-00858-CCA-R3-CD, 2013 WL 1953498, at *1 (Tenn. Crim. App. at Nashville, May 13, 2013) (dismissing the appeal of the denial of the appellant's motion to receive pretrial jail credits on his Davidson County convictions). He remained in custody on the Davidson County offenses until December 30, 2002, when he was transferred to the penitentiary to begin serving his Williamson County sentences. Id. On April 4, 2004, the appellant was convicted of the Davidson County offenses and received a sentence of fourteen years, which was ordered to be served consecutively to the Williamson County sentences.[2]

On July 1, 2014, the appellant filed a motion to correct his Williamson County sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentences were illegal because he was not awarded mandatory pretrial jail credits from March 13, 2002, through June 10, 2003. The trial court summarily denied the motion, finding that the concurrent sentences of nine years and six months were within the range for a Range II offender convicted of Class C felonies. The court noted that the appellant's convictions and sentences had been upheld by this court on direct appeal and on appeal after denial of post-conviction relief. The court further noted that the sentences had expired. On appeal, the appellant challenges the trial court's ruling.

Historically, "two distinct procedural avenues [were] available to collaterally attack a final judgment in a criminal case – habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1, which provides in part:

> Either the defendant or the state may, at any time, seek the
> correction of an illegal sentence by filing a motion to correct
> an illegal sentence in the trial court in which the judgment of
> conviction was entered. For purposes of this rule, an illegal

---

[1] The appellant was ultimately convicted in Davidson County case number 2002-B-1184 of reckless homicide, attempted especially aggravated robbery, and aggravated burglary. State v. Samuel L. Giddens, No. M2005-00691-CCA-R3-CD, 2006 WL 618312, at *1 (Tenn. Crim. App. at Nashville, Mar. 13, 2006).

[2] The appellant refers to his Williamson County and Davidson County sentences as his "twenty-three (23) year, six (6) month sentence."

sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a); see Secdrick L. Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2014).  The requirements for a Rule 36.1 motion are more lenient than for a habeas corpus petition; notably, in a Rule 36.1 motion, a defendant is required only to state a colorable claim in the motion but is not required to attach supporting documents in order to survive summary dismissal, and the motion may be filed "at any time," even after the sentence has expired.  See State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. at Knoxville, Dec. 26, 2014).

If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion.  See Tenn. R. Crim. P. 36.1(b). "A sentence is not considered illegal when it is statutorily available but ordinarily inapplicable to a given defendant; rather, an illegal sentence is one that is simply unavailable under the Sentencing Act."  State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *3 (Tenn. Crim. App. at Knoxville, Oct. 29, 2014) (internal quotation marks and citation omitted); application for perm. to appeal granted, (Tenn. May 15, 2015).  Although Rule 36.1 does not define what constitutes a "colorable claim," this court has adopted the following definition: "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the defendant, would entitle [the petitioner] to relief."  State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. at Jackson, Aug. 13, 2014) (internal quotation marks and citation omitted).

The appellant claims his sentences are void because the trial court failed to award him mandatory pretrial jail credits.  Tennessee Code Annotated section 40-23-101(c) provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.  The defendant shall also receive credit on the sentence for the time served in

the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

The awarding of pretrial jail credit is mandatory, and the failure to award pretrial jail credits directly contravenes the requirements of Tennessee Code Annotated section 40-23-101(c) and results in an illegal sentence that is subject to correction under Rule 36.1. See Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *3; see also Tucker v. Morrow, 335 S.W.3d 116, (Tenn. Crim. App. 2009) (stating that a trial court's failure to award mandatory pretrial jail credits results "in an illegal sentence, an historically cognizable claim for habeas corpus relief"). Nevertheless, "'[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right.'" Id. (quoting Tucker, 335 S.W.3d at 123).

The appellant alleges that he is entitled to pretrial jail credits from March 13, 2002, which was the date he "came back into confinement in Davidson County Case No. 2002 B1184," through June 10, 2003, which was the date this court issued the mandate on the appellant's direct appeal of the Williamson County convictions. However, because the appellant was sentenced for the Williamson County offenses on December 17, 2001, any credits the appellant earned at that point were post-judgment credits, not pretrial credits. See State v. Curtis Lynn Hearon, No. E2009-02352-CCA-R3-CD, 2010 WL 2787815, at *5 (Tenn. Crim. App. at Knoxville, July 15, 2010) (stating that the date a judgment of conviction is entered is the "proper date for ending pretrial jail credit"). Tennessee Code Annotated section 40-23-101(c) "requires that the trial court note on the judgment of conviction the number of pre-sentencing jail credits but does not require the trial court to include post[-]judgment jail credit in the judgment." Yates v. Parker, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012). Therefore, "[t]he proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively." Id.

Moreover, we note that this court has previously observed that the appellant has already received pretrial sentencing credits from March 13, 2002, through December 30, 2002, on his Davidson County sentences. See State v. Samuel L. Giddens, Jr., No. M2014-01505-CCA-R3-CD, 2015 WL 1472646, at *3 (Tenn. Crim. App. at Nashville, Feb. 20, 2015), perm. to appeal denied, (Tenn. May 14, 2015); State v. Samuel L. Giddens, No. M2012-00858-CCA-R3-CD, 2013 WL 1953498, at *1 (Tenn. Crim. App. at Nashville, May 13, 2013). The appellant was taken into custody on March 13, 2002, on the Davidson County charges; he was not serving his Williamson County sentences at that time. On December 30, 2002, the appellant was transferred to the Tennessee Department of Correction to begin serving his Williamson County sentences. Giddens, No. M2012-00858-CCA-R3-CD, 2013 WL 1953498, at *1. "A defendant is not entitled

to credit for time he spent in jail for other offenses." State v. Michael Bikrev, No. M2001-01620-CCA-R3-CD, 2002 WL 170734, at *7 (Tenn. Crim. App. at Nashville, Feb. 4, 2002) (citing Trigg v. State, 523 S.W.2d 375 (Tenn. Crim. App. 1975)); see also Christopher A. Johnson v. State, No. E2002-01208-CCA-R3-PC, 2003 WL 21145504, at *2 (Tenn. Crim. App. at Knoxville, May 16, 2003).

Based upon the foregoing, we conclude that the trial court did not err by dismissing the appellant's motion to correct an illegal sentence.

_____
NORMA McGEE OGLE, JUDGE