IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2016 at Knoxville

## STATE OF TENNESSEE v. MARCUS O. HILL

**Appeal from the Circuit Court for Maury County**
**Nos. 21549 & 22113    Robert L. Jones, Judge**

_____

**No. M2015-02308-CCA-R3-CD – Filed June 9, 2016**

_____

The Appellant, Marcus O. Hill, appeals as of right from the Maury County Circuit Court's summary dismissal of his several motions, wherein he alleged that he was falsely imprisoned due to the improper restructuring of his plea agreement by the Tennessee Department of Correction ("TDOC"). The gravamen of the Appellant's complaint is with the TDOC's alignment of his sentences in violation of the terms of his plea agreement. After a review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Marcus O. Hill, Columbia, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Nicholas W. Spangler, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On December 3, 2012, the Appellant was charged, in Case Number 22113, with four Class D felonies—three counts of selling one-half ounce or more of marijuana within a drug-free school zone and one count of possession of one-half ounce or more of marijuana with the intent to sell in a drug-free school zone. See Tenn. Code Ann. §§ 39-17-417, -432. The judgment forms reflected that, on July 24, 2014, the Appellant pled guilty to one Class D felony (Count 1) and to three Class E felonies (Counts 2, 3, and 4). The judgment form for Count 1 provided that the Range I, three-year sentence imposed

for that count was to be served consecutively to Count 1 in Case Number 21549 (no sentence length is provided for Count 1 in Case Number 21549).[1] The drug-free school zone box was also checked and service was ordered at 100%. Range II, three-year sentences at 35% were imposed for Counts 2 through 4. Count 2 was ordered to be served consecutively to Count 1; Count 3 consecutively to Count 2; and Count 4 concurrently with Count 3. In the special conditions section of the Count 1 judgment form, it was stated, "Total sentence is 12 years; 3 years at 100%; then 9 years at Range II."

On September 18, 2015, the Appellant filed a "Motion to Follow Court Order." Therein he stated the following:

> On July 24, 2014[,] I plead[ed] guilty to six separate counts of Sale of [a] Schedule VI controlled substance, and received a sentence of three years for each count, several of which are to be served concurrently to each other while others are to be served consecutively, but the effective total sentence is summarized in a hand-written note on my judgment statin[g] that [the] total sentence is 12 years; 3 years at 100% due to drug free zone; then 9 years at Range II. I ask that the courts order TDOC to go by the special conditions of the judgment and make me due [sic] the 3 years at 100% first.

On September 21, 2015, the Appellant filed a "Motion for Contempt of Courts," seeking to hold the TDOC in contempt of court for "not following the hand-written agreement of the judgment," and noting that the TDOC was "also in breach of the contract that was filed July 24, 2014." Thereafter, the Appellant filed a "Motion to Overturn Sentence" on October 8, 2014, asserting that the "TDOC is not going by the . . . hand-written note on the judg[ment] which make[s] it a[n] illegal agreement." The Appellant filed two more motions in October, making the same arguments—that he is falsely imprisoned, that his sentence is illegal, and that the TDOC is in contempt of court and breach of contract.[2]

Attached to one of these motions appears to be an excerpted page from a guilty plea petition. In addition to the same information contained in the judgment forms for Case Number 22113, this page provides that the Appellant received concurrent Range II,

---

[1] No judgment forms for Case Number 21549 are included in the technical record.

[2] The Appellant has also included a copy of an order from the United States District Court, asserting that the district judge stated therein that the "TDOC is in co[n]tempt by not going by the hand-written note" on the judgment form and that the Tennessee courts will be held in contempt if they allow the TDOC's actions to continue. However, the order states no such thing. It merely references the agreement as outlined by the Appellant in his civil rights complaint and relays the information as stated in the plea agreement and judgment form for Count 1 of Case Number 22113. The Appellant has grossly mischaracterized the district court's order.

three-year sentences for "Sale of Schedule VI controlled substance [greater than] .5 [ounces]" in Counts 1 and 2 of Case Number 21549. A hand-written notation can be seen at the bottom of the page: "Total sentence is 12 years; 3 years at 100% due to drug free zone; then 9 years at Range II."

The trial court filed an order "denying all pending motions" on November 9, 2015. The court concluded that the Appellant had not established that his sentences were illegal or that he had been "adversely affected by TDOC's calculation and structure of his sentences[,]" reasoning as follows:

> Because the offenses in Case No. 21549 were committed first, and the offenses in Case No. 22113 were apparently committed while [the Appellant] was out on bond in Case No. 21549, TDOC contends that the 3-year sentence in Case No. 21549 must be served first. The [c]ourt has been informed by the Director of Sentence Management Services that the 100% 3-year sentence in Case No. 22113 is beginning at the expiration of the first 3 years in 21549, which is currently February 27, 2016. However, with jail credits applied, the sentence effective date on the 100% 3-year sentence will be October 2, 2015. The 100% 3-year sentence will end on October 2, 2018, at which time [the Appellant] will then begin serving the remaining 6 years in Case No. 22113.

It is from this ruling that the Appellant appeals.

ANALYSIS

On appeal, the Appellant contends that the trial court erred in summarily denying his motions and allowing the TDOC "to restructure the agreement by their policy." Specifically, he requests that we reverse the trial court's ruling that the TDOC has "the right to restructure the agreement" and order that he "has the right to a state habeas corpus." The State responds that the Appellant's claims do not present any illegality or set forth a cognizable ground for relief under Tennessee Rule of Criminal Procedure 36.1 and that we should, therefore, affirm.

Historically, "two distinct procedural avenues [were] available to collaterally attack a final judgment in a criminal case—habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014). However, effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended by the addition of Rule 36.1, which provides as follows:

-3-

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Rule 36.1 provides that either the defendant or the state may "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). "[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). Rule 36.1 provides for appointment of counsel for indigent defendants and a hearing if the motion "states a colorable claim." Tenn. R. Crim. P. 36.1(b). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1" State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). "[W]hen determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. at 594.

The Appellant does not claim that the judgment forms do not accurately portray the agreed-upon sentence or that the sentences imposed were not authorized by statute. Rather, the crux of the Appellant's complaint involves how the TDOC is structuring his various sentences, contending that the TDOC is contravening the sentence alignment provided for in his plea agreement and stated in the special conditions section of the Count 1 judgment form for Case Number 22113. However, the Count 1 judgment form in Case Number 22113 states that the three-year sentence imposed for that count is to be served consecutively to the sentence imposed in Count 1 of Case Number 21549, which is evidently the order of service instituted by the TDOC. The length of the sentence imposed in Count 1 of Case Number 21549 is not mentioned therein. We agree with the State that the Appellant's claim does not present a ground for relief under Rule 36.1. See State v. Thomas Paul Gagne, Jr., No. E2015-00502-CCA-R3-CD, 2015 WL 5121399, at *2 (Tenn. Crim. App. Aug. 31, 2015) ("To the extent that the petitioner seeks to

-4-

challenge the manner in which the [TDOC] has implemented the judgments in his case, a motion pursuant to Rule 36.1 is not the appropriate vehicle for such a claim."), perm. app. denied (Tenn. Jan. 21, 2016).  Additionally, there is no entitlement to the correction of a clerical error in his judgments.  See Tenn. R. Crim. P. 36; see also Brandon Neal v. State, No. E2012-01563-CCA-R3-PC, 2013 WL 358178, at *3 (Tenn. Crim. App. Jan. 30, 2103) ("[T]he Petitioner's complaint stems from actions taken by TDOC, not from actions taken by the trial court in filling out the judgment orders.").

The Appellant also requests habeas corpus relief.  Even if we were to construe the Appellant's motions as a petition for a writ of habeas corpus, and ignore any procedural deficiencies for filing said petition, TDOC's actions neither render the Appellant's judgments void nor do they render illegal the sentences imposed by the trial court.  See Neal, 2013 WL 358178, at *3.  The Appellant is not entitled to habeas corpus relief on this basis.

Furthermore, any petition for post-conviction relief would be time-barred.  See Tenn. Code Ann. § 40-30-102(a) (providing for a one-year statute of limitations). Moreover, TDOC's actions do not render the Petitioner's guilty pleas constitutionally infirm.  See Neal, 2013 WL 358178, at *2.  Actions taken by TDOC regarding a defendant's sentence calculation do not form a basis for a claim under the Post-Conviction Procedure Act.  See Rendell Corey Jones v. James T. Fortner, Warden, No. E2009-00233-CCA-R3-HC, 2009 WL 3364354, at *3 (Tenn. Crim. App. Oct. 20, 2009) (holding that complaints of improper sentence calculation do not fall within the purview of the Post-Conviction Procedure Act).  Rather, the Appellant's proper avenue of relief, if any is due him, is under the Uniform Administrative Procedures Act ("UAPA").  See Tenn. Code Ann. §§ 4-5-101 to -325; see also Stewart v. Schofield, 368 S.W.3d 457, 459 (Tenn. 2012) ("We clarify that the UAPA governs an inmate's challenge to the TDOC calculation of a release eligibility date."); Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) ("[C]laims relative to the calculation of sentencing credits and parole dates must be reviewed pursuant to the [UAPA] rather than via a petition for writ of habeas corpus[.]").

## CONCLUSION

In accordance with the foregoing reasoning and authorities, we conclude that the trial court did not err by summarily dismissing the Appellant's various motions challenging his two cases and resulting sentences.  Accordingly, we affirm.

_____
D. KELLY THOMAS, JR., JUDGE

-5-