IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 4, 2016

## FRANKLIN HOWARD v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 15-254-I     Claudia Bonnyman, Chancellor**

_____

**No. M2016-00337-COA-R3-CV – Filed December 5, 2016**

_____

This appeal arises from a declaratory judgment action filed by a prisoner to challenge the Tennessee Department of Correction's manner of applying sentence reduction credits to his consecutive sentences. The trial court granted summary judgment to the Department of Correction upon concluding that it properly calculated the petitioner's sentences and credits. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Franklin Howard, Only, Tennessee, *Pro se*.

Herbert H. Slatery III, Attorney General and Reporter, and Charlotte Montiel Davis, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction and Derrick Schofield.

**MEMORANDUM OPINION[1]**

### I. FACTS & PROCEDURAL HISTORY

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In January 1995, Franklin Howard was involved with a robbery of a Memphis restaurant that led to the shooting death of the restaurant manager. A jury convicted Howard of premeditated murder, especially aggravated robbery, and conspiracy to commit aggravated robbery. Howard received a life sentence for the murder conviction, twenty-five years for especially aggravated robbery, and six years for conspiracy to commit aggravated robbery. All three judgments of conviction were entered by the criminal court of Shelby County on April 15, 1997. The first judgment was for case number (and indictment number) 95-07822, and it reflected that Howard was found guilty on "Count I" of first degree murder. The judgment provided for a life sentence and credited Howard with 799 days of pretrial jail credit, spanning from February 7, 1995, to April 14, 1997. The second judgment was for case number 95-07823, and it reflected that Howard was found guilty of especially aggravated robbery and sentenced to twenty-five years. The third judgment was for case number 95-07824, and it reflected that Howard was found guilty of conspiracy to commit aggravated robbery and sentenced to six years. Each of the three judgments contained a pre-printed box designated "Concurrent with:" and another pre-printed box designated "Consecutive to:".[2] On each of the three judgments, the "Concurrent with:" box was left blank, and the "Consecutive to:" box contained a handwritten notation of the case numbers for the other two sentencing judgments. These boxes indicate that the three sentences were to run consecutively rather than concurrently, but the criminal court did not specifically state the order or sequence in which the three consecutive sentences would be served. However, the criminal court only credited Howard with pretrial jail credit toward the life sentence for first degree murder, and it did not provide any pretrial jail credit for the other two sentences.

Howard appealed to the Tennessee Court of Criminal Appeals and ultimately to the Tennessee Supreme Court. In *State v. Howard*, 30 S.W.3d 271, 273 (Tenn. 2000), the Tennessee Supreme Court concluded that the trial court's failure to properly instruct the jury required reversal of Howard's conviction for first degree murder. Because this was a "trial error," as opposed to an issue of evidentiary insufficiency, the supreme court concluded that Howard should be retried for first degree murder. *Id.* at 277. Accordingly, the supreme court reversed the murder conviction and remanded to the trial court for a new trial. *Id.* at 278.

After a trial on remand, Howard was again found guilty of first degree murder and sentenced to life in prison. The new judgment of conviction, dated March 28, 2002, listed the original case number of 95-07822 and again indicated that Howard was found

---

[2]"In this context, the term 'consecutive' means that the first sentence is to be completed before the second sentence begins, and so on in succession until all sentences have been consecutively served." *Mandela v. Tenn. Dep't of Corr.*, No. M2010-00829-COA-R3-CV, 2011 WL 3274155, at *7 (Tenn. Ct. App. July 29, 2011) (quotation omitted).

guilty on Count I and given a life sentence. The "Consecutive to:" box again listed the case numbers for the other two sentences: 95-7823 and 95-7824. The criminal court credited Howard with 2,676 days of pretrial jail credit toward his life sentence, spanning the following periods: February 7, 1995 to April 14, 1997; April 15, 1997 to September 14, 2000; and September 15, 2000 to June 5, 2002. The order contains a handwritten notation indicating that Howard's case was "reversed in appeal courts" during that time.

On appeal after the retrial, the Court of Criminal Appeals affirmed the conviction for premeditated murder and held that the trial court did not abuse its discretion in again imposing consecutive sentencing. *State v. Howard*, No. W2002-01680-CCA-R3-CD, 2004 WL 2715346, at *16 (Tenn. Crim. App. Nov. 18, 2004), *perm app. denied, not for citation* (Tenn. Mar. 21, 2005).

In 2014, Howard submitted a petition for declaratory order to the Tennessee Department of Correction ("TDOC") seeking clarification regarding whether his twenty-five year sentence had "commenced to run," and if so, why his prison records reflected "0 days" for credits being earned toward that sentence. In response, Howard was informed that the TDOC interpreted the criminal court's judgment orders as requiring the twenty-five year sentence in case number 95-07823 to be served consecutive to the life sentence in case number 95-07822. The TDOC informed Howard that it had properly calculated his consecutive sentences to include "your life sentence, then the 25 year sentence, and then your 6 year sentence." Therefore, according to the TDOC, Howard's prisoner sentence reduction credits could not be applied to the twenty-five year sentence until the life sentence expired.

On February 26, 2015, Howard filed a petition for declaratory judgment in the chancery court of Davidson County in accordance with Tennessee Code Annotated section 4-5-225, seeking to challenge the determination of the TDOC. Howard framed the issue as "whether or not he has to wait for his life sentence to expire . . . before he can ever receive sentence reduction credits toward his 25 and 6-year consecutive sentences once he reaches the [release eligibility date] on them."

The TDOC filed a motion for summary judgment, asserting that it had properly calculated Howard's sentences in accordance with the criminal court's judgment orders. In support of its motion, the TDOC filed the affidavit of Candace Whisman, Director of Sentence Management Services for the TDOC, who set out in detail the TDOC's calculation of the sentence reduction credits applicable to Howard's sentences and his release eligibility date. Whisman stated that Howard's twenty-five year sentence was to be served consecutive to the life sentence, and the six year sentence was to be served consecutive to the twenty-five year sentence.

3

Howard filed a response, in which he argued that his twenty-five year sentence commenced to run the moment that his original murder conviction was reversed and remanded. He also suggested that his three sentences should run concurrently rather than consecutively.

On January 15, 2016, the chancery court entered an order granting the TDOC's motion for summary judgment. The chancery court concluded that the TDOC calculated Howard's sentence in conformity with applicable Tennessee law and the sentencing judgments. The chancery court rejected Howard's assertion that "the order of service of his three sentences changed" when the original conviction was reversed and remanded for a new trial. The chancery court concluded that the criminal court designated the order of the three convictions and their corresponding sentences via the assigned case numbers, which remained the same even after the retrial. The court cited 21A Am. Jur. 2d *Criminal Law* § 839, which stated, "Consecutive sentences on separate counts for different offenses are served in the same sequence as the counts on which the sentences are imposed appear in the accusatory pleading." "Most significantly," the chancery court continued, "Petitioner was given pretrial jail credit of 2,676 days in his second murder one judgment, indicating that the time he served while going through the retrial process was credited to his second life sentence, and not his 25 or 6 year sentences." The trial court noted that a defendant is only allowed pretrial jail credit toward the first sentence of consecutive sentences. Because the criminal court had applied pretrial jail credit only to the life sentence, the chancery court concluded that "the criminal court obviously designated the life sentence imposed for murder after the retrial as the first of the three consecutive sentences to be served." The trial court also rejected Howard's assertion that the sentences should run concurrently because all of the conviction judgment forms indicated that the sentences would run consecutively. Thus, the trial court concluded that Howard "is at this time still serving down time on his life sentence, and [his] 25 and 6 year sentences have not yet begun to run." The trial court reviewed in detail the calculations offered by the TDOC and Whisman and concluded that the TDOC properly calculated Howard's release eligibility date. It also concluded that Howard was not entitled to have sentence credits applied to his life sentence and then reapplied to his twenty-five year sentence.

Howard timely filed a notice of appeal.

## II. ISSUES PRESENTED

The only issue presented by Howard on appeal is whether the chancery court erred in concluding that his twenty-five year sentence did not commence to run when his life sentence was reversed. For the following reasons, we affirm the decision of the chancery court and remand for further proceedings.

4

## III. STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The resolution of a motion for summary judgment is a matter of law that we review *de novo* with no presumption of correctness. *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 620 (Tenn. Ct. App. 2015).

## IV. DISCUSSION

For parole-eligible offenses and offenders, the TDOC assigns a release eligibility date, which is the earliest date an inmate convicted of a felony is eligible for parole. *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012); *see also* Tenn. Code Ann. § 40-35-501(n). The "TDOC has sole authority to calculate the inmate's release eligibility date." *Stewart*, 368 S.W.3d at 463. "A release eligibility date is determined based on offender status, which defines the percentage of the sentence required to be served, less any sentence credits earned and retained by the prisoner." *Id.* at 463-64 (citing Tenn. Code Ann. § 40-35-501(b)-(f)). An inmate dissatisfied with the TDOC's calculation of a release eligibility date may challenge the calculation utilizing the procedures of the Uniform Administrative Procedures Act. *Id.* at 464.

Tennessee Code Annotated section 40-35-501(m) provides the method for calculating release eligibility dates for inmates serving consecutive determinate sentences under the Criminal Sentencing Reform Act of 1989. *See Stewart*, 368 S.W.3d at 467.[3] To calculate the release eligibility date for consecutive sentences, "the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date for the consecutive sentences." Tenn. Code Ann. § 40-35-501(m). In other words, the statute "contemplates that inmates serving consecutive determinate sentences will be assigned a single release eligibility date." *Stewart*, 368 S.W.3d at 467. Inmates are not entitled to multiple release eligibility dates. *Id.*

Here, Howard apparently does not dispute the TDOC's ultimate calculation of his release eligibility date as April, 20, 2034. Howard basically disputes the order or

---

[3]The statute at issue has been amended since the supreme court's decision in *Stewart*. The referenced language is now found in subsection (m) rather than (l). We will refer to the current subsection for clarity.

sequence of the sentences within the TDOC's calculation, claiming that the twenty-five year sentence should be the first sentence considered in the equation, then the six year sentence, then the life sentence. In its brief on appeal, the TDOC contends that whether Howard's twenty-five year sentence for especially aggravated robbery began to run when his original life sentence was reversed "is immaterial to his overall sentence calculation." The TDOC claims that the overall release eligibility date is the same no matter which sentence runs first. According to the TDOC, "because the sentences are all added together, the exact sentence to which a credit is applied is immaterial, since the overall [release eligibility date] would be the same." In other words, the TDOC contends, applying credits to one sentence as opposed to the other does not affect the release eligibility date. Thus, the TDOC contends that Howard's argument regarding the order of the sentences is moot.

Like the TDOC, we are somewhat perplexed by Howard's argument on appeal. In his reply brief, Howard insists that "the exact sentences to which a credit is applied *is material*" because he is only allowed to have pretrial jail credit applied toward his first sentence. As the TDOC notes, however, for consecutive sentences, the periods of ineligibility for release are calculated for each sentence *and are added together* to determine a single release eligibility date for the consecutive sentences. Tenn. Code Ann. § 40-35-501(m). Howard does not suggest how he might otherwise benefit from a re-ordering of his sentences. *Compare State v. Blanton*, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996) ("it is immaterial whether sentence one is consecutive to sentence two, or vice versa, as the sentences are consecutive in either case").[4]

In any event, however, we agree with the TDOC's conclusion that the sentencing orders from criminal court indicated that Howard's life sentence would be served prior to his other sentences. Specifically, the sentencing order that was entered by the criminal court after the retrial indicated that the three sentences were to be served consecutively, and it applied 2,676 days of pretrial jail credit toward Howard's *life sentence* for his time spent in jail between 1995 and 2002 pending the retrial. As the chancery court recognized, a defendant incarcerated pretrial who receives consecutive sentences is only allowed pretrial jail credit to be applied toward the first sentence. *Sledge v. Tenn. Dep't of Corr.*, No. M2014-02564-COA-R3-CV, 2015 WL 7428578, at *5 (Tenn. Ct. App.

---

[4]We note that the statute governing release eligibility dates specifically addresses life sentences and provides that "[a] defendant receiving a sentence of imprisonment for life for first degree murder shall be entitled to earn and retain sentence credits, but the credits shall not operate to make the defendant eligible for release prior to the service of twenty-five (25) full calendar years." Tenn. Code Ann. § 40-35-501(h)(1). However, Howard does not mention this provision on appeal or claim that its limitation has impacted his release eligibility date. Whisman's affidavit indicates that Howard has not earned enough credits for this limitation to apply.

Nov. 20, 2015) (citing *State v. Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at \*3 (Tenn. Crim. App. Mar. 4, 2002)). Credit is allowed against the sentence only if the incarceration claimed as a basis for the credit arises from the offense for which the sentence was imposed. *Id.* (citing *State v. Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at \*2 (Tenn. Crim. App. July 13, 2000)). We agree with the chancery court's conclusion that the criminal court's application of pretrial jail credit toward the life sentence indicated its intention to designate the life sentence as the first of the three consecutive sentences to be served.

To the extent that Howard is asserting that the *criminal* court's action was impermissible, such an argument is beyond the scope of our review in this appeal. *See* Tenn. Code Ann. § 40-35-401(a) (providing that the defendant in a criminal case may appeal from "the manner of service of the sentence imposed by the sentencing court," including the imposition of consecutive sentences, but the appeal of the sentence shall be taken in the same manner as other appeals in criminal cases and shall be taken at the same time as an appeal of the conviction if one is taken). The court of criminal appeals has already considered and rejected Howard's appeal of the imposition of consecutive sentencing (although it is not clear whether Howard raised any issue regarding the order of service of those consecutive sentences). *State v. Howard*, 2004 WL 2715346, at \*16.

The appeal before us involves a review of the action of *the TDOC* in calculating Howard's release eligibility date in accordance with his consecutive sentences. The TDOC may not alter or amend a trial court's judgment order, even if that order is erroneous or illegal. *Sledge*, 2015 WL 7428578, at \*4. The TDOC "'is required to calculate prison sentences in accordance with the sentencing court's judgment order and with applicable sentencing statutes.'" *Id.* (quoting *Robinson v. Whisman*, M2011-00999-COA-R3-CV, 2012 WL 1900551, at \*4-5 (Tenn. Ct. App. May 24, 2012)). It must enforce judgment orders as they are written and cannot correct what it perceives to be errors in a judgment order. *Id.* (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 457 (Tenn. 2011)). Accordingly,

> "The award of pretrial jail credits . . . lies strictly within the purview of the trial court rather than the Department of Correction. . . . [T]he trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award."

*Id.* (quoting *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) *overruled on other grounds by State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015)). "Because

the award of pretrial jail credit[] lies strictly within the jurisdiction of the criminal court rather than the [TDOC]," resorting to the UAPA's "administrative avenues of relief in order to address the criminal court's failure to award pretrial jail credit is futile." *Johnson v. Westbrook*, No. M2014-01403-CCA-R3-HC, 2015 WL 3484558, at *2 (Tenn. Crim. App. May 19, 2015) (*no perm. app. filed*) (citing *Tucker*, 335 S.W.3d at 122).

Because we discern no error in the TDOC's manner of calculating Howard's sentences in accordance with his sentencing orders, we affirm the chancery court's order granting summary judgment to the TDOC.

## V. CONCLUSION

The decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Franklin Howard. Because Franklin Howard is proceeding *in forma pauperis* in this appeal, execution may issue for costs, if necessary.

_____
BRANDON O. GIBSON, JUDGE