FILED

09/13/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## STATE OF TENNESSEE v. ANTHONY L. MOORE

**Appeal from the Criminal Court for Madison County
No. 00-134    Donald H. Allen, Judge**

_____

### No. W2016-02601-CCA-R3-CD

_____

The defendant, Anthony L. Moore, moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 36, to correct a clerical error with regard to the reflection of pretrial jail credits on the judgment for his 2000 Madison County Criminal Court jury conviction of aggravated burglary. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Anthony L. Moore, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

A Madison County Criminal Court jury convicted the defendant of one count of aggravated robbery and one count of aggravated burglary for breaking into a hotel room occupied by the victim, Larry Felts, and taking $120, "a pack of cigarettes, and a red cigarette lighter" from the victim at gunpoint. *State v. Anthony Leon Moore*, No. W2000-02862-CCA-R3-CD (Tenn. Crim. App., Jackson, Feb. 11, 2002). The trial court imposed Range II sentences of 15 years for the aggravated robbery conviction and 10 years for the aggravated burglary conviction and ordered that the sentences be served consecutively to one another for a total effective sentence of 25 years. This court affirmed the convictions and sentences on direct appeal, *see id.*, and later affirmed the denial of the defendant's petition for post-conviction relief from his convictions, *see Anthony Leon Moore v. State*, No. W2004-02039-CCA-R3-PC (Tenn. Crim. App.,

Jackson, Sept. 12, 2005).  A later bid for habeas corpus relief was similarly unsuccessful. *Anthony Leon Moore v. Joe Easterling, Warden*, No. W2010-01082-CCA-R3-HC (Tenn. Crim. App., Jackson, Jan. 26, 2011) (Rule 20 Memorandum Opinion).  Most recently, this court affirmed the summary dismissal of the defendant's motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what the defendant believed to be an illegal sentence imposed for his conviction of aggravated burglary.  *See State v. Anthony Leon Moore*, No. W2016-01442-CCA-R3-CD (Tenn. Crim. App., Jackson, June 12, 2017).

On November 28, 2016, the defendant moved the trial court pursuant to Tennessee Rule of Criminal Procedure 36 to correct a "clerical error . . . as it relates to awarding mandatory pre-trial jail credits" on his judgment for aggravated burglary.  The defendant acknowledged that pretrial jail credits had been applied to his sentence for aggravated robbery but claimed that the same number of credits should have been applied to his sentence for aggravated burglary, which sentence the trial court ordered to be served consecutively to the sentence for aggravated robbery.  In its response to the defendant's motion, the State acknowledged that the defendant was entitled to 255 days' jail credit and that documentation from the Tennessee Department of Correction ("TDOC") indicated that TDOC had applied the credits to the defendant's sentence for aggravated robbery despite that the judgment form did not include an award of pretrial jail credits.  The State submitted to the court a corrected judgment form for the defendant's aggravated robbery conviction that reflected the award of 255 days' pretrial jail credit.  The trial court entered the corrected judgment form on November 30, 2016. Two days later, the trial court dismissed the defendant's motion, concluding that the motion was "rendered moot by entry of the corrected judgment."

Ten days later, after the defendant had filed his notice of appeal, the defendant moved the trial court to reconsider its decision and grant him 255 days' jail credit on his conviction of aggravated burglary.  The trial court denied the motion.

In this appeal, the defendant maintains that the trial court erred by dismissing his motion as moot, arguing that he is entitled to 255 days' jail credit for his conviction of aggravated burglary.  The State, misconstruing the defendant's motion as a Rule 36.1 motion to correct an illegal sentence, argues that a claim for pretrial jail credits is not a cognizable claim for relief under Rule 36.1.

Tennessee Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."  Tenn. R. Crim. P. 36.  Here, the defendant contends that the judgment form for his conviction of aggravated burglary should reflect an award of

pretrial jail credit identical to that reflected in the judgment form for his conviction of aggravated robbery.[1] He is, quite simply, incorrect.

Tennessee Code Annotated section 40-35-209 provides that, for each conviction, the "district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction that is signed by all parties; but if not signed by the parties, the clerk shall make a copy of the document available to the parties before entry by the court." T.C.A. § 40-35-209(e)(1). Code section 40-35-209 also specifies the information that must be contained in the uniform judgment document, *see id.*, including the award of pretrial jail credits, *see id.* § 40-35-209(e)(1)(P), and our supreme court has promulgated a form document to satisfy these requirements, *see* Tenn. Sup. Ct. R. 17. In this case, the judgments of conviction entered via uniform judgment documents comply with the requirements of Code section 40-35-209(e)(1) and Rule 17.

Only when the trial court orders *concurrent* alignment of the sentences should the trial court include the award of pretrial jail credits on each judgment in order to provide the full benefit of the credits against the aggregate sentence. *See, e.g.*, *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) (holding that awarding "pretrial jail credit in only one case would contravene the *concurrent* sentences and effectively require Henry to serve a longer sentence on the second charge") (emphasis added); *see also Tucker*, 335 S.W.3d at 124. Because the trial court ordered consecutive service of the sentences imposed for both of the defendant's convictions, the court properly awarded pretrial jail credit on only one of the convictions. *See, e.g.*, *Elijah Truitt v. State*, No. M2013-01848-CCA-R3-HC (Tenn. Crim. App., Nashville, Apr. 10, 2014); *Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC (Tenn. Crim. App., Jackson, July 9, 2012). Once the trial court amended the judgment for the defendant's conviction of aggravated robbery to accurately reflect the number of pretrial jail credits that had already been awarded on that conviction, nothing more was required.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] The defendant's brief also includes a claim of entitlement to "64 days good time pretrial behavior credits." Claims "'relative to the calculation of sentencing credits and parole dates,'" however, "lie[] solely within the discretion of the warden of the institution wherein the inmate is incarcerated" and, therefore, "must be reviewed pursuant to the Uniform Administrative Procedures Act." *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by State v. Brown*, 479 S.W.3d 200 (Tenn. 2015).