IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE v. RAYMOND ROSS**

**Appeal from the Circuit Court for Henderson County**
**No. 05-082    Roy B. Morgan, Jr., Judge**

_____

**No. W2016-02604-CCA-R3-CD**

_____

The Appellant, Raymond Ross, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Raymond Deshun Ross, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Jerry Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Appellant was convicted by a Henderson County jury on March 15, 2006, for carjacking, aggravated assault, theft of property over $1,000 and a misdemeanor count of reckless endangerment. After conviction, the Appellant was sentenced to a total effective sentence of thirty (30) years as a Range II offender. On appeal, this Court remanded the case to the trial court for re-sentencing of the Appellant as a Range I offender and merged the conviction of misdemeanor reckless endangerment with the aggravated assault conviction. *State v. Raymond DeShun Ross*, No. W2006-01167-CCA-R3-CD, 2007 WL

3254436 (Tenn. Crim. App. Nov. 2, 2007), *perm. app. denied* (Tenn. June 30, 2008). Upon resentencing on remand, the Appellant received an effective 18 year sentence as a Range I offender.

On June 30, 2009, the Appellant sought post-conviction relief from the trial court alleging that he had received ineffective assistance of counsel. After denial of the petition for post-conviction by the trial court, the Appellate filed an untimely notice of appeal. The appeal was dismissed by this Court after concluding that the underlying claim lacked merit and therefore the interests of justice did not excuse the untimely filing of the notice of appeal. *State v. Raymond Ross*, No. W2010-00875-CCA-R3-PC (Tenn. Crim. App. Sep. 29, 2010).

The appellant has now filed two separate motions to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The first was filed on January 14, 2016, and alleged that his sentence was illegal due to errors made by the sentencing court in the application of the sentencing laws. The January 14, 2016 motion was denied by the trial court and the ruling was affirmed on appeal. *See State v. Ross*, No. W2016-01220-CCA-R3-CD (Tenn. Crim. App. Aug. 24, 2017). The Appellant filed the present motion in question on November 18, 2016, alleging that his sentence is illegal due to the failure to properly award him his pre-trial credits. The trial court summarily dismissed this motion through entry of an order on December 6, 2016 which was timely appealed by the Appellant.

With the timely filing of the notice of appeal, the appellate record was compiled and submitted by the trial court clerk. The Appellant has filed a brief in support of his appeal and the State of Tennessee has responded with the filing of a motion to affirm the ruling of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Tennessee Rule of Criminal Procedure 36.1 provides the following mechanism for seeking the correction of an illegal sentence by stating in part:

> (a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to

the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b)(1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion.

(2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

(3) If the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary. If the court, based on its review of the pleadings and, if necessary, the underlying record, determines that the motion can be ruled upon without a hearing, it may do so in compliance with subdivision (c) of this rule. If the court determines that a hearing is necessary, and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant. The court then shall promptly hold a hearing on the motion.

(c)(1) With or without a hearing, if the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

Tenn. R. Crim P. 36.1.

The Appellant argues in his brief that the failure of the trial court to consider his pre-trial credits for time spent incarcerated renders his sentence illegal and therefore subject to relief pursuant to Rule 36.1. However, to support his position, the Appellant relies upon the ruling by this Court in the case of *Tucker v. Morrow*, 335 S.W. 3d 116 (Tenn. Crim. App. 2009), which has since been overruled by further rulings of this Court and our Supreme Court. *See State v. Brown*, 479 S.W.3d 200 (Tenn. 2015); *State v. Wooden*, 478 S.W. 3d 585 (Tenn. 2015).

Even though pretrial jail credits allow a defendant to receive credit against their sentence for time served and may affect the length of time a defendant is incarcerated, the pretrial jail credits do not alter the sentence received in any way. *Brown* 479 S.W.3d at 212. The failure of the trial court "to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. *Id. see Wooden*, 478 S.W.3d at 595-596 (defining colorable claim as "a

- 3 -

claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1").

The record reflects that the stated basis of motion of the Appellant was the alleged failure of the trial court to apply pretrial credits to the sentence of the Appellant. Accordingly, given the ruling of our Supreme Court in *Brown*, we conclude that the trial court properly denied the Appellant's claim. The trial court was correct in its ruling that the motion of the Appellant did not state a colorable claim.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE