FILED

07/06/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2021

**STATE OF TENNESSEE v. GARY BUSH**

**Appeal from the Circuit Court for Rutherford County**
**No. F-61320-B     Barry R. Tidwell, Judge**

———————————————————

**No. M2020-00940-CCA-R3-CD**

———————————————————

The Defendant, Gary Bush, appeals the trial court's summary denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he challenged his life sentence resulting from his first degree murder conviction in 2008 for an offense that occurred in 1982. On appeal, the Defendant argues that he was sentenced under the 1989 Criminal Sentencing Reform Act rather than the law in effect when he committed the offense. We affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Gary Bush, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On January 16, 1982, the Defendant shot and killed the victim, Mr. Lynn Orrand, with the victim's wife, Candance Orrand Bush, and the Defendant's brother-in-law, Mr. Kevin Patterson, as his accomplices in the offense. *State v. Candance Orrand Bush and Gary W. Bush,* No. M2010-00186-CCA-R3-CD, 2011 WL 2848266, at *1, *4 (Tenn. Crim. App. July 18, 2011). The victim's murder remained unsolved until police

discovered information in 2007 implicating Mr. Patterson in the crime. *Gary Wayne Bush v. State*, No. M2014-00759-CCA-R3-PC, 2015 WL 1396527, at *1 (Tenn. Crim. App. Mar. 25, 2015). Mr. Patterson served as a key witness for the State in the Defendant and Ms. Bush's joint trial. *Id.* Following a jury trial in 2008, the Defendants were found guilty of first degree murder and sentenced to life imprisonment. *Id.* The convictions were affirmed on direct appeal. *Candance Orrand Bush and Gary W. Bush*, 2011 WL 2848266, at *22.

The Defendant then filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel because his trial counsel failed to call him to testify as a witness. *Gary Wayne Bush*, 2015 WL 1396527, at *1. The post-conviction court denied the Defendant's petition, and, on appeal, a panel of this court affirmed the post-conviction court's decision. *Id.* at *5, 7.

Subsequently, the Defendant filed the present motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant argued that his sentence was illegal because he was sentenced under the Sentencing Reform Act of 1989 rather than the law in effect at the time of the offense and that he was not awarded the correct sentence reduction credits. He argued that he was statutorily entitled to be sentenced to a lesser punishment under the 1982 Act and that his sentence under the 1989 Act constituted an ex post facto punishment. He contended that the Tennessee Department of Correction ("TDOC") failed to award him the sentence reduction credits. The State responded that the Defendant would have received a life sentence under either Act and that the TDOC is the entity responsible for awarding post-judgment sentence reduction credits. It argued that the Defendant's motion did not state a colorable claim for relief. In the Defendant's reply to the State's response, he contended that the maximum sentence he could have received was twenty-five years and that his life sentence was illegal.

The trial court found that the Defendant would have been sentenced to life imprisonment under either Act, and it determined his motion raised the argument that his release eligibility date had been miscalculated by the TDOC. The trial court found that the TDOC is responsible for calculating the release eligibility date, that the Defendant failed to show how his sentence was illegal, and that he failed to present a colorable claim for relief. The trial court summarily dismissed the Defendant's motion without a hearing.

## ANALYSIS

On appeal, the Defendant effectively raises the same arguments he lodged below, contending that his sentence was illegal because it violated the prohibition against ex post facto laws and that he was not awarded sentence reduction credits. The State responds

2

that the trial court properly denied his motion summarily because he failed to state a colorable claim for relief. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant "may seek to correct an illegal sentence by filing a motion to correct illegal sentence in the trial court in which the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1(a)(2). The Tennessee Supreme Court in *State v. Wooden* identified three categories of errors: "clerical errors, appealable errors, and fatal errors." 478 S.W.3d 585, 595 (Tenn. 2015) (citing *Cantrell v. Easterling*, 346 S.W.3d 445,448-49 (Tenn. 2011)). "Only fatal errors render sentences illegal." *Id.* Fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* (citing *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)).

If the motion states a colorable claim and the trial court determines a hearing is necessary, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. A trial court may summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law reviewed de novo on appeal. *Wooden*, 478 S.W.3d at 589; *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

Taking the Defendant's claim as true and viewing it in the light most favorable to him as the moving party, he has failed to show that he stated a colorable claim for relief. The Defendant's judgment form reflects that he received a sentence of life imprisonment. The Defendant would have received a minimum sentence of life imprisonment under the law applicable at the time of his offense or at the time of sentencing. *See* T.C.A. § 39-2402 (Supp. 1981) (authorizing life imprisonment as punishment for first degree murder) (recodified at § 39-2-202) (repealed 1989); T.C.A. § 39-13-202(c) (2008) (same). He has otherwise not shown how he was illegally sentenced to life imprisonment.

Turning to the Defendant's claim regarding sentence reduction credits, we conclude that this claim fails to state a colorable claim for relief by comparison to case law governing the disposition of such a claim in pursuit of habeas corpus relief. "[T]he definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *See Wooden*, 478 S.W.3d at 594-95.

We have held that "[a] claim for the award of sentence reduction credits is not cognizable in a habeas corpus proceeding." *Christopher H. Martin v. Mike Parris*, No. E2019-01500-CCA-R3-HC, 2020 WL 3432742, at *2 (Tenn. Crim. App. June 23, 2020) (citing *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d 200). Accordingly, a claim for the award of sentence reduction credits does not implicate one of the "fatal" errors contemplated as grounds for relief under Rule 36.1. *See State v. Marty V. Bell*, No. W2015-02525-CCA-R3-CD, 2016 WL 5819220, at *2 n.2 (Tenn. Crim. App. Oct. 5, 2016) ("Because Rule 36.1 motions apply solely to illegal sentences, the Defendant cannot seek sentence reduction credits through the motion on appeal."). The Defendant failed to state a colorable claim for relief, and the trial court did not err in denying his motion summarily.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

4