IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2025

**STATE OF TENNESSEE v. MARKHAYLE JACKSON**

**Appeal from the Criminal Court for Shelby County**
No. 11-01634        David L. Pool, Judge
_____

**No. W2024-01213-CCA-R3-CD**
_____

The Petitioner, Markhayle Jackson, appeals the trial court's summary denial of his second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his agreed-upon sentence of life imprisonment without the possibility of parole is an illegal, indeterminate sentence for his conviction of first degree murder. He also contends that he should be permitted the opportunity to withdraw his guilty plea, that he received the ineffective assistance of counsel, and that the trial court violated Tennessee Rule of Criminal Procedure 11(b) by failing to ensure his guilty plea was both voluntary and intelligent. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Markhayle Jackson, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.        FACTUAL AND PROCEDURAL HISTORY

The Petitioner's convictions arise from the December 14, 2009 murder of the victim, Kelvin Cooper. The Petitioner, along with two codefendants, abducted the victim, locked him inside the trunk of his own vehicle, poured gasoline on the victim and on the vehicle,

and set the vehicle aflame. *Jackson v. State*, No. W2013-02027-CCA-R3-PC, 2015 WL 799448, at *1 (Tenn. Crim. App. Jan. 30, 2015), *perm. app. denied* (Tenn. June 15, 2015). The victim ultimately died as a result of injuries sustained while trapped inside the burning vehicle, and the Petitioner was arrested and charged with aggravated robbery, aggravated kidnapping, and first degree murder. *Id.* On April 25, 2012, the Petitioner entered a best interest plea to one count of first degree murder and, pursuant to a negotiated plea agreement, was sentenced to life imprisonment without the possibility of parole. *Id.*

On March 28, 2013, the Petitioner filed a timely pro se petition for post-conviction relief, in which he alleged, among other claims, that his guilty plea was not knowingly, voluntarily, and intelligently entered and that he received the ineffective assistance of counsel based on his belief that trial counsel was not "putting any work into the case." *Id.* at *4. The post-conviction court appointed counsel, held a hearing on the Petitioner's amended petition, and denied relief. *Id.* This court affirmed the denial of post-conviction relief on appeal. *Id.* at *9.

On September 9, 2015, the Petitioner filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. *State v. Jackson*, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at *1 (Tenn. Crim. App. May 31, 2016), *no perm. app. filed*. In his motion, the Petitioner alleged:

> (1) trial counsel failed to advise him of his right against self-incrimination, (2) the Defendant was not aware of his right against self-incrimination and had he been aware of it, he would not have pleaded guilty, (3) the trial court violated Tennessee Rule of Criminal Procedure 11 during the plea hearing, (4) the State failed to abide by the plea agreement because the court questioned the Defendant regarding his guilt, and (5) the plea was involuntary.

*Id.* The trial court summarily denied the Petitioner's motion, concluding the Petitioner had failed to present a colorable claim for relief and that the motion raised issues previously adjudicated. *Id.* This court affirmed the trial court's summary denial, concluding that even viewing the claims raised in the light most favorable to the Petitioner, he would not be entitled to relief pursuant to Tennessee Rule of Criminal Procedure 36.1 because the errors alleged would not render his sentence void or illegal. *Id.* at *2.

On June 4, 2024, the Petitioner filed his second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentence of life without the possibility of parole was illegal and that he should have received a sentence of sixty years. In support of this argument, the Defendant contended that a sentence of life imprisonment without the possibility of parole equated to an illegal, indeterminate sentence

to serve the balance of his "natural life." He argued the trial court, accordingly, should have imposed a determinate sentence of sixty years rather than a sentence of life without the possibility of parole. He also asserted that he received the ineffective assistance of trial counsel due to trial counsel's failure to advise him that his sentence of life imprisonment without the possibility of parole "meant serving a natural life sentence." He further claimed the trial court violated Tennessee Rule of Criminal Procedure 11(b) because it "vague[ly]" stated that the Petitioner would serve "all of his time in the Tennessee Department of Correction."

The trial court concluded that the Petitioner failed to raise a colorable claim for relief and summarily denied his motion in a written order entered on July 17, 2024. Specifically, the trial court held the Petitioner's argument that his sentence of life imprisonment without the possibility of parole was an illegal, indeterminate sentence was "without merit, and without any support." Further, the trial court noted the Petitioner's "claim that counsel never advised him that life without parole meant [the] Petitioner would spend the rest of his life in prison" amounted to an ineffective assistance of counsel claim, which had previously been ruled upon in the Petitioner's preceding appeals. The trial court also found that it had explained the terms of the Petitioner's sentence to him during his guilty plea submission hearing and that the Petitioner had responded that he understood he would serve a sentence of life imprisonment without the possibility of parole and agreed to those terms. This timely appeal followed.

## II.    ANALYSIS

On appeal, the Petitioner argues the trial court erred by summarily denying his second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, maintaining that his sentence of life without the possibility of parole is illegal, that he should have been permitted the opportunity to withdraw his guilty plea, that he received the ineffective assistance of counsel, and that the trial court violated Tennessee Rule of Criminal Procedure 11(b) by failing to ensure his guilty plea was both voluntarily and intelligently made. The State responds that the trial court properly denied relief. We agree with the State and will address these issues in turn.

Tennessee Rule of Criminal Procedure 36.1 provides both the criminal defendant and the State an avenue to seek the correction of an illegal sentence at any time before the sentence has expired. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). A motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Wooden*, 478 S.W.3d at 594. "If the motion states a colorable claim that the

- 3 -

unexpired sentence is illegal, . . . and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant." Tenn. R. Crim. P. 36.1(b)(3). On the other hand, if the trial court, after reviewing the motion, any response thereto, and the record, "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.2d at 593. Whether a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 states a colorable claim for relief is a question of law which this court reviews *de novo*. *Id*. at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The Tennessee Supreme Court has recognized three categories of sentencing errors: clerical errors, which involve clerical mistakes in a defendant's judgment sheet and which may be corrected through Tennessee Rule of Criminal Procedure 36; appealable errors, for which the Sentencing Act provides a right of direct appeal; and fatal errors, which are "so profound as to render the sentence illegal and void." *Wooden*, 478 S.W.3d at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Rule 36.1 authorizes the correction of only fatal errors. *Wooden*, 478 S.W.3d at 595; Tenn. R. Crim. P. 36.1(a).

In this case, the Petitioner asserts that his sentence of life imprisonment without the possibility of parole is illegal because it is an indeterminate sentence. He contends that Tennessee Code Annotated section 40-35-211 requires the trial court to impose a determinate sentence of years rather than requiring a defendant to serve the balance of his "natural life." Because his judgment forms and Tennessee Offender Management Information System ("TOMIS") report indicate he is serving a sentence of life without the possibility of parole rather than a determinate sentence of years, the Petitioner contends that his sentence is illegal and that the trial court erred by summarily denying his petition.

We respectfully disagree. The Petitioner murdered the victim on December 14, 2009, and received a statutorily authorized, agreed-upon sentence of life imprisonment without the possibility of parole for his subsequent conviction of first degree murder. *See* Tenn. Code Ann. § 39-13-202(c)(2) (2009) (subsequently amended). The Petitioner is correct that Tennessee Code Annotated section 40-35-211 prohibits the imposition of indeterminate sentences, but it also explicitly categorizes a sentence of life as a determinate sentence. *See* Tenn. Code Ann. § 40-35-211(1) ("Specific sentences for a felony shall be for a term of years or months *or life*[.] . . . There are no indeterminate sentences.") (emphasis added). Accordingly, the Petitioner's argument that his sentence of life imprisonment without the possibility of parole is an illegal, indeterminate sentence is without merit. Further, trial courts are not required to specify a term of years in sentencing a defendant to a term of life imprisonment without the possibility of parole, so we discern

- 4 -

no error in the Petitioner's judgment forms. *See, e.g., State v. Peck*, No. E2023-01123-CCA-R3-CD, 2024 WL 939899, at *2 (Tenn. Crim. App. Mar. 5, 2024), *perm. app. denied* (Tenn. July 17, 2024); *State v. Lacy*, No. W2019-00748-CCA-R3-CD, 2020 WL 1972610, at *2 (Tenn. Crim. App. Apr. 24, 2020), *perm. app. denied* (Tenn. Sept. 21, 2020); *Blake v. State*, No. W2015-01423-CCA-R3-PC, 2016 WL 4060696, at *11 (Tenn. Crim. App. July 27, 2016), *perm. app. denied* (Tenn. Nov. 22, 2016). Inasmuch as the Petitioner claims error based upon his TOMIS report, we note that TOMIS reports are generated by the Tennessee Department of Correction and, as such, any disagreement the Petitioner may have with the information contained therein should be addressed via the Uniform Administrative Procedures Act. *See Tucker v. Morrow*, 335 S.W.3d 116, 123-24 (Tenn. Crim. App. 2009); *State v. Pearce*, No. W2020-00552-CCA-R3-CD, 2021 WL 3136727, at *5 (Tenn. Crim. App. May 4, 2021), *no perm. app. filed.*

In his trial court motion, the Petitioner argued that he should have received a sentence of sixty years at a one hundred percent service rate, while simultaneously averring that he was "under the impression" he would serve a term of fifty-one years. On appeal, the Petitioner notes that a life sentence is a determinate sentence of sixty years but posits that he should be eligible for release after service of fifty-one years. The Petitioner appears to confuse his sentence of life imprisonment without the possibility of parole with a sentence of life imprisonment. While a sentence of life imprisonment indeed equates to a sentence of sixty years, for which a defendant may become eligible for release after service of fifty-one years if that defendant earns certain statutorily authorized sentence reduction credits, there is "no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder." *See* Tenn. Code Ann. § 40-35-501(h)(1), (2) (2009) (subsequently amended).[1] Simply put, because the Petitioner's agreed-upon "sentence of life without possibility of parole will not expire, it is qualitatively different from a life sentence." *State v. Pimentel*, No. M2023-00599-CCA-R3-CD, 2024 WL 712988, at *3 (Tenn. Crim. App. Feb. 21, 2024), *no perm. app. yet filed* (internal quotation marks omitted) (citing *Lacy v. State*, No. M2020-01644-CCA-R3-HC, 2022 WL 662569, at *3 (Tenn. Crim. App. Mar. 7, 2022)). Accordingly, the trial court appropriately concluded the Petitioner failed to present a colorable claim that his sentence was illegal.

---

[1] Relatedly, the Petitioner alternatively argues that he could have legally been eligible for release after service of thirty-six years if the trial court sentenced him "pursuant to the 1993 life without parole statute." This argument is unavailing for several reasons: first, as noted, the Petitioner received an agreed-upon sentence of life without the possibility of parole, which carries no release eligibility. Tenn. Code Ann. § 40-35-501(h)(2) (2009) (subsequently amended). Further, even if the Petitioner had received a sentence of life imprisonment, he murdered the victim on December 14, 2009, so his sentence is governed by the Sentencing Act as it existed in 2009, not in 1993.

The Petitioner next asserts that he should be permitted to withdraw his guilty plea and that he received the ineffective assistance of counsel because trial counsel failed to advise him that his sentence would have "no expiration," averring that he would not have pleaded guilty if he had "received the correct information" regarding his sentence. The trial court denied relief on this claim, concluding the issue was "an ineffective assistance of counsel argument previously rejected by all courts to which the issue was presented." However, while we agree with the Petitioner that this specific claim of ineffective assistance of counsel was not raised in a previous proceeding, he is nevertheless not entitled to relief because his claim raises an issue of appealable error, not of fatal error. *See Jackson*, 2016 WL 7664771, at *2 (concluding that the Petitioner's claim that he received the ineffective assistance of counsel due to trial counsel's failure to advise him of his right against self-incrimination was an appealable issue which "would not render his sentence void or illegal" and, therefore, failed to present a colorable claim for relief under Rule 36.1). This court has repeatedly considered similar claims of ineffective assistance in the context of Rule 36.1 motions and held that such claims are properly addressed through a petition for post-conviction relief filed pursuant to the Post-Conviction Procedure Act. *See, e.g.*, *State v. Prink*, No. W2020-01271-CCA-R3-CD, 2022 WL 110802, at *4 (Tenn. Crim. App. Jan. 12, 2022), *perm. app. denied* (Tenn. June 6, 2022); *State v. Gordon*, No. M2019-01729-CCA-R3-CD, 2021 WL 276491, at *2 (Tenn. Crim. App. Jan. 27, 2021), *no perm. app. filed*; *State v. Williams*, No. E2019-00829-CCA-R3-CD, 2020 WL 995796, at *2 (Tenn. Crim. App. Mar. 2, 2020), *no perm. app. filed*; *State v. Harbison*, No. E2017-00520-CCA-R3-CD, 2018 WL 674002, at *6 (Tenn. Crim. App. Feb. 1, 2018), *perm. app. denied* (Tenn. May 15, 2018).

Similarly, the Petitioner argues the trial court violated Tennessee Rule of Criminal Procedure 11(b)'s requirement of ensuring his guilty plea was knowingly, voluntarily, and intelligently made. He contends that the trial court failed to inform him of his "actual sentence" and instead advised him that he would serve a sentence of "life without parole." Like the Petitioner's claim of the ineffective assistance of counsel, the Petitioner's assignment of error under Tennessee Rule of Criminal Procedure 11 is an appealable error, not a fatal error. *Jackson*, 2016 WL 7664771, at *2; *see also State v. Washington*, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685, at *2 (Tenn. Crim. App. June 9, 2017), *perm. app. denied* (Tenn. Oct. 4, 2017) ("[E]rrors implicating constitutional rights render judgments voidable, not void, and are not colorable claims pursuant to Rule 36.1."). Even were the issue properly presented for our review, we note that nothing in the record supports the Petitioner's assertion that the trial court fell short of Rule 11(b)'s requirement. The record includes only one page from the Petitioner's guilty plea submission hearing, in which the trial court stated, "Your punishment agreement is that it's life imprisonment without the possibility of parole on the offense of murder [in the] first degree. . . . You realize that by pleading this, there's no possibility of parole[,] and you will serve the entire sentence?" The trial court thus informed the Petitioner of his "actual sentence," and the

Petitioner testified he understood the terms of this sentence and agreed to those terms.  He is not entitled to relief.

### III.    CONCLUSION

Following our review of the record and based on the foregoing analysis, we affirm the judgment of the trial court.

_s/ STEVEN W. SWORD_____
STEVEN W. SWORD, JUDGE